430 So.2d 239 (1983)
FERD. MARKS-SMITHER AND COMPANY, LTD.
v.
The HOME FURNISHING STORE, INC.
No. CA-0333.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1983.
Paula A. Perrone, The Law Offices of Paula Perrone, P.C., New Orleans, for defendant-appellant.
Irving B. Shnaider, P.C., New Orleans, for plaintiff-appellee.
Before CIACCIO, BYRNES and LOBRANO, JJ.
CIACCIO, Judge.
Ferd. Marks-Smither & Co., Ltd., plaintiff-appellee, sued on open account to recover from The Home Furnishing Store, Inc., defendant-appellant, insurance premiums allegedly due on certain worker's compensation policies secured by the insurance broker for defendant. In answer, defendant claims that plaintiff breached its fiduciary duty, as insurance agent, by failing to obtain the proper classification of workmen's compensation policies causing appellant to be overcharged for the policies. The trial *240 court rendered judgment in favor of the plaintiff for the amount owed and attorney's fees. Home Furnishing has appealed. We affirm, but we reverse the award of attorney's fees.
The Home Furnishing Store initially employed the services of the appellee to secure appropriate worker's compensation insurance coverage. The store was first classified under "Retail Stores Not Otherwise Classified", for which its insurance premiums were calculated at a particular rate. The insurer, The Kemper Insurance Company, conducted an audit to ensure the correctness of the classification. The auditors determined that the classification was incorrect and that the store should be classified as a furniture store. This reclassification meant the premiums had to be recalculated at a higher rate.
Unhappy with the reclassification and the higher rate, Home Furnishing asked its agent at Ferd. Marks-Smither to attempt to secure coverage at the original classification and lower rate. After attempting to do so the agent informed Home Furnishing that the auditors were adamant about the correctness of the reclassification as a furniture store. The agent then explained to Home Furnishing the availability of an appeal process to the Louisiana Council on Compensation Insurance whereby the Council would inspect the store and determine the correct classification.
The manager of the Louisiana Council testified at the trial to the general procedures followed when questions are raised concerning proper classification. Having become personally familiar with this particular case, she also testified as to the procedures that were followed with respect to The Home Furnishing Store. She stated that the store was physically inspected by a field representative with the owner who supplied all of the pertinent information. As a result of the physical inspection the Council ruled that The Home Furnishing Store had been correctly classified as a furniture store and was not eligible for the retail store n.o.c. classification. A subsequent reinspection affirmed this ruling.
Because Ferd. Marks-Smither would not change the classification to allow for the lower rate, Home Furnishing severed the business relationship and employed another agent. Ferd. Marks-Smither sued alleging $3,851.38 was owed by Home Furnishing representing unpaid insurance premiums. At trial, the evidence established that the correct amount then owed was $1,826.66.
The trial court rendered judgment in favor of Ferd. Marks-Smither for $1,826.66 plus interest and attorney's fees of $375.00. Home Furnishing appealed specifying trial court error in not finding that plaintiff had breached its fiduciary duty to defendant entitling defendant to an offset or dismissal and error in the award of attorney's fees because the requirements of La.R.S. 9:2781 were not satisfied.
An insurance agent or broker has a fiduciary duty and responsibility to its insured. Appellant's argument that appellee breached that duty is premised upon a claim that appellant was overcharged for worker's compensation premiums. The trial court did not find that appellant was overcharged and apparently found that appellee did not breach its fiduciary duty. Our review of the entire record convinces us that the trial court was correct.
The manager of the Louisiana Council on Compensation Insurance testified at trial that worker's compensation insurance classifications for rate purposes are determined by the Council based upon industry standards. Neither an insurance agent nor an insurance company determines an insurance applicant's classification. Appellee's vicepresident testified that he personally attempted to get a lower classification for appellant; that he attempted to do so on more than one occasion and that when it was impossible to do so, he communicated to appellant the exact procedures available to appeal the classification awarded.
Appellant's argument relies heavily upon the fact that, when appellant changed insurance agents, it was again classified at the lower rate. This lower classification, however, was temporary. The manager of *241 the Louisiana Council on Compensation Insurance testified that the temporary lower classification resulted from an error made by the Council's staff and was remedied immediately upon discovery.
The testimony of the Council's manager and appellee's vice-president is uncontroverted. Field representatives of the Council physically inspected The Home Furnishing Store twice and the Council ruled that appellant was correctly classified as a furniture store. In light of the uncontroverted testimony we find that the trial court did not err in finding that appellant owed the unpaid premiums amounting to $1,826.66.
Appellee sued on open account and was awarded attorney's fees. Under La. R.S. 9:2781, when the plaintiff's written demand "correctly set[s] forth the amount owed" (with supporting invoices), the claimant is entitled to "reasonable attorney fees for the prosecution and collection of such claims when judgment on the claim is rendered in favor of the claimant." To be awarded attorney fees, the claimant must strictly comply with the provisions of the cited statute. The amount demanded must be the correct amount. Fleet Tire Service v. Schwegmann Brothers Giant Super Markets, Inc., 408 So.2d 54 (La.App. 4th Cir. 1981); Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3d Cir.1979).
The amount demanded by appellee was $3,851.38. The amount appellee sought to prove at trial was $1,826.66. Appellee argues that $3,851.38 was the correct amount owed at the time demand was made and that subsequent action on the account should not defeat the claim for attorney fees. We do not agree.
Part of the reduction resulted from a payment on the account by Home Furnishing. Payment on the account by the defendant after suit was filed would not defeat a claim for attorney fees. Trial testimony established that subsequent to demand the amount owed was reduced further by an unexplained combination of debits and credits. Appellee's brief offers an explanation as to why these changes on the account could not have occurred prior to demand. Appellee's brief, however, is not part of the trial court record to which we must look in support of the judgment. At trial, no evidence was adduced indicating the nature and reasons for these changes on the account. There was no evidence indicating when and why defendant was entitled to these reductions in the amount owed. Consequently we find that the demand did not correctly set forth the amount owed and, therefore, attorney fees should not have been awarded.
Accordingly, the judgment of the trial court in favor of the plaintiff for $1,826.66, representing the amount owed for unpaid insurance premiums is affirmed. The award for attorney fees is reversed and set aside.
AFFIRMED IN PART, AND REVERSED IN PART.