449 So.2d 1131 (1984)
RIVERLAND FOOD CORPORATION
v.
CARRIAGE MEAT CO., INC.
No. 83-CA-731.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1984.
*1132 Warren J. Pickle, New Orleans, for defendant-appellant.
Baldwin & Haspel, Jeannie M. Randazzo, Maryann M. Swaim, New Orleans, for plaintiff-appellee.
Before CURRAULT, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by Carriage Meat Co., Inc., defendant-appellant, from a judgment on open account in the amount of $2,103.72, and attorney fees of $500, in favor of Riverland Food Corporation, plaintiff-appellee. Because we find that Riverland's own evidence proves an indebtedness of only $448.20, the judgment of $2,103.72 is amended to that amount. Because we also find that plaintiff failed to comply with the requisites of La.R.S. 9:2781, the award of attorney fees is vacated.
The facts of the case are these: Riverland is a meat slaughter and conveying operation, and Carriage is a meat wholesaler to restaurants and hotels. From October, 1978, until June, 1979, Riverland regularly sold and delivered meat to Carriage. Records of these transactions were kept by Riverland on a running account basis. Its ledger card on the account consists basically of three columns: debit, credit and balance.
When the business association of the parties ended in October, 1978, Riverland's ledger showed a balance owing of $2,103.72, but Carriage disputed that figure, claiming instead that its account was paid up. After unsuccessful attempts to resolve this matter, Riverland made demand on Carriage, and filed the present action.
To its original petition, Riverland attached a ledger card in support of its claim, but through apparent clerical error, this card was not the account of Carriage, but that of one of Riverland's other creditors. On receipt of this petition, Carriage sought production of the correct ledger card, as well as all invoices in support of the alleged balance due. It also sought to know what documentary evidence Riverland intended to produce at trial. In response, Riverland provided the proper ledger card, but not the invoices. It also asserted that the ledger and miscellaneous correspondence would be used as evidence, but made no mention of invoices.
At trial, Riverland attempted to introduce these invoices, but Carriage prevailed in its objection to these documents on grounds that they had not been produced or listed as proposed evidence before trial. The result was that Riverland's case in chief consisted basically of the ledger card and testimony by the president of the corporation that the balance was outstanding.
When plaintiff rested, Carriage moved for a directed verdict on the grounds that a ledger card without supporting invoices does not constitute a prima facia case in a suit on open account. This motion was denied by the court "in the interest of justice". Carriage then presented its case, which was simply that the account was paid and that it had in its possession, but not in court, cancelled checks to so prove.
The court thereupon left the case open and gave both parties reasonable time to submit the invoices and checks into evidence. Riverland produced all pertinent invoices, but Carriage chose to stand on its position at trial that as no prima facie case had been made by plaintiff, defendant was not required to go forward with rebuttal evidence. Judgment was thereupon entered in favor of Riverland for the full amount of its demand and attorney fees, and Carriage now appeals.
Carriage raises basically two issues before this court:
1.) The motion of a directed verdict should have been granted because plaintiff failed to present a prima facie case at trial.
2.) Plaintiff should not have been awarded attorney fees because its demand on open account did not comply with the requirements of La.R.S. 9:2781.
The basis of Carriage's first argument is that a ledger card without supporting *1133 invoices is not sufficient proof to make out a prima facie case in a suit on open account, and therefore it had no need to rebut the claim by presenting the cancelled checks. This is an incorrect statement of the law. Proof of a suit on open account for individual items exceeding $500 is governed by La.Civ.Code 2277, which requires testimony by one credible witness and other corroborating circumstances Shear v. Castrinos, 327 So.2d 558 (La.App. 4th Cir. 1976). Our inquiry here is not, therefore, simply a mechanical one based on the introduction or not, of invoices, but rather on a reasonable assessment of testimony and corroborating evidence.
We further note in regard to the invoices, that implicit in Carriage's argument is the proposition that it was error to permit introduction of the invoices because during discovery Riverland failed to produce the invoices and did not list them as evidence to be used at trial. Again, the law is otherwise.
One purpose of discovery is to protect a party from prejudicial surprise at trial by the introduction of evidence not previously known by him to exist, and against which he could not therefore have prepared a rebuttal, Cf. Cousins v. State Farm Mutual Auto Ins. Co., 258 So.2d 629, 634 (La.App. 1st Cir.1972). On the present facts, we find no prejudice to Carriage. Carriage's president, Anthony Fasola, testified unequivocably that he had in his files cancelled checks which showed that payments had been made on all invoices. The trial court thus ordered that Riverland turn over to Carriage all invoices in their possession so that they might be compared with the checks. The invoices were duly presented, but Carriage chose not to produce the checks. Under these circumstances, we fail to discern any surprise, much less prejudice, to Carriage by the admission of the invoices into evidence, Recherche, Inc. v. Jewelry Jungle Inc., 377 So.2d 1329 (La.App. 1st Cir.1979).
We next turn to the amount of the judgment. In this regard, we agree with Carriage that Riverland failed to make a prima facie case for the entire indebtedness claimed to be owed. The invoices support all entries in the debit column of the ledger. We further accept as stipulated by Riverland, that all credits shown in that column of the ledger represent either actual payments made by Carriage, or credits given for returned or defective merchandise. When the total of credits is subtracted from the total of debits, an outstanding balance of $448.20 is found still to be owing.
As to the $2,103.72 balance claimed to be owed, the ledger discloses that this figure resulted from three unexplained, unsupported or simply erroneous adjustments in the balance column. The first was a $60.00 mathematical debit error on December 5, 1978. The second, and most significant debit adjustment, was that of January 11, 1978, in the amount of $1,893.12. There is no invoice to support this item, and Riverland's president admitted in testimony, that he did not know where this figure came from. On these facts, this item cannot be taken as prima facie evidence because there was neither testimony nor other corroboration. The third adjustment was a credit of $297.60, made on February 26, 1978. There is again no explanation as to this credit, but it appears to have been a repetition of a similar credit made on January 11, 1978. The results of these errors were responsible for the final figure of $2,103.72, which Riverland claims was owed as follows:

Debits minus credits $448.20
Debit error in balance column 60.00
Unsupported Debit adjustment to
balance column 1893.12
 _______
 $2401.32
Unsupported Credit adjustment to
balance column -297.60
 _______
 $2103.72

Because these items were neither explained by Riverland, nor corroborated in any other manner, we hold that no prima facie case was made therefor, and that Carriage was not required to rebut these adjustments to the balance. As to the balance of $448.20, because Carriage failed to *1134 come forward with evidence claimed by it to exist and showing payment of this amount, we presume that this evidence was detrimental to its case, Tubesales v. Champion Machine Works, Inc., 281 So.2d 459 (La.App. 4th Cir.1983). We therefore amend the judgment of the trial court in favor of Riverland to $448.20.
As to attorney fees, La.R.S. 9:2781, specifically states that such fees are recoverable only when demand is made correctly setting forth the amount owed and all invoices in support thereof. This statute is strictly construed, Roberts v. Paciera, 411 So.2d 650 (La.App. 4th Cir.1982). Here, the demand did not include the invoices, nor did it correctly state the amount owed, and attorney fees are therefore not recoverable.
For the foregoing reasons, the judgment appealed from is amended to the amount of $448.20 in favor of Riverland and against Carriage. The award of attorney fees is vacated. All costs of this appeal are to be paid by both plaintiff and defendant.
AMENDED IN PART, REVERSED IN PART AND RENDERED.