448 So.2d 891 (1984)
Ralph COOK d/b/a Florien Lumber Company, Plaintiff-Appellee,
v.
Joseph M. O'PRY, et ux., Defendants-Appellants.
No. 83-633.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
Dean, Lomenick & Seemann, Pat F. Willis, Jr., Opelousas, for defendant-appellant.
Kenneth N. Simmons, Many, for plaintiff-appellee.
Before GUIDRY, FORET and CULPEPPER[*], JJ.
FORET, Judge.
In this action on open account, the defendant, Joseph M. O'Pry, appeals a judgment in favor of plaintiff, Ralph Cook d/b/a Florien Lumber Company, for $5,086.38, with interest, costs, and attorney's fees of 25%. We amend and affirm as amended.
The issues on appeal are:
1. Whether the trial court erred in allowing into evidence an invoice which was outside the scope of plaintiff's pleadings; and
2. Whether the trial court erred in allowing plaintiff attorney's fees under LSA-R.S. 9:2781.
Joseph M. O'Pry, as owner of certain immovable property in Sabine Parish, made several credit purchases of materials and supplies from Ralph Cook d/b/a Florien Lumber Company, in May and June of 1982. In addition, within the same time frame, O'Pry had certain labor performed by Ralph Cook d/b/a Ralph Cook's Auto Parts.
When O'Pry's account became delinquent, Cook filed a materialman's lien on O'Pry's property in Sabine Parish, along with a suit on open account. A copy of the lien with all of the invoices was mailed to *892 O'Pry on July 22, 1982, at Post Office Box 247, Hornbeck, Louisiana.
At the trial, plaintiff's counsel attempted to introduce into evidence invoice number 2630, in the amount of $1,310.40, from Ralph Cook's Auto Parts. Counsel for defendant objected, stating that the invoice was irrelevant because the claim was outside the scope of plaintiff's pleadings. The objection was taken under advisement by the trial judge. The case was tried on the merits and judgment was rendered in favor of the plaintiff, with the money due under invoice number 2630 included in the amount awarded.
On appeal before this Court, defendant contends that the trial court erred in allowing invoice number 2630 into evidence. We agree.
It is undisputed that invoice number 2630 was from Ralph Cook's Auto Parts, and the billing was for labor performed. Suit was filed, however, not for Ralph Cook d/b/a Ralph Cook's Auto Parts, but for Ralph Cook d/b/a Florien Lumber Company. Additionally, plaintiff's petition sought recovery not for labor charges, but only for materials and supplies. Proof intended to go beyond the pleadings is inadmissible, if objected to. Bosworth v. New Orleans Federal Savings & Loan Association, 258 So.2d 191 (La. App. 4 Cir.1972). Thus, defendant's objection was proper and the trial court's action in allowing the invoice into evidence was improper.
Defendant also claims that the trial court erred in awarding attorney's fees because plaintiff did not fulfill the requirements of LSA-R.S. 9:2781[1]. More specifically, defendant argues that plaintiff did not use due diligence in giving written notice to defendant and plaintiff's demand letter did not include the correct amount owed.
The demand letter of July 22, 1982, which included invoice number 2630, stated the account balance was $5,086.38. As we have already determined, the $1,310.40 due under invoice number 2630 was not available to plaintiff under the pleadings filed. Thus, plaintiff's amount was not correctly set forth as required by LSA-R.S. 9:2781.
Under LSA-R.S. 9:2781, when the claimant's written demand correctly sets forth the amount owed (with supporting invoices), the claimant is entitled to "reasonable attorney fees for the prosecution and collection of such claims when judgment on the claim is rendered in favor of the claimant". To be awarded attorney fees, the claimant must strictly comply with the provisions of the cited statute. The amount demanded must be the correct amount. Fleet Tire Service v. Schwegmann Brothers Giant Super Markets, Inc., 408 So.2d 54 (La.App. 4 Cir.1981); Ferd. Marks-Smither and Company, Ltd. v. Home Furnishing Store, Inc., 430 So.2d 239 (La.App. 4 Cir.1983); Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3 Cir. 1979). Because the demand letter sent by plaintiff in this case did not correctly set *893 forth the amount owed by defendant, the requirements of the statute were not met, and attorney's fees were not awardable.
In view of our above finding, we need not reach the issue of whether plaintiff used due diligence in the making of its written demand.
For the foregoing reasons, the judgment of the trial court is reversed and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Ralph Cook d/b/a Florien Lumber Company, against the defendant, Joseph M. O'Pry, in the amount of THREE THOUSAND SEVEN HUNDRED SEVENTY-FIVE AND 98/100 ($3,775.98) DOLLARS, plus legal interest thereon from date of judicial demand.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the lien and privilege, recorded in Mortgage Book 144, Page 391, in the Records of the Clerk of Court, Sabine Parish, Louisiana, be and the same is hereby recognized and preserved, and the property be duly seized and sold as provided by law, and the proceeds therefrom be applied to the payment of petitioner's claim with preference to all others, except as otherwise provided by law.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff's demand for attorney fees is denied.
All rights of Ralph Cook d/b/a Ralph Cook's Auto Parts to proceed against defendant to recover the amount of $1,310.40 are reserved.
All costs of the trial court and on appeal are assessed one-half against plaintiff-appellee and one-half against defendant-appellant.
REVERSED IN PART, RECAST AND RENDERED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Ad Hoc.
[1] LSA-R.S. 9:2781(A) & (B) provides:

"§ 2781. Open accounts; attorney fees; professional fees
A. When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor.
B. If delivery of written demand on the debtor is attempted, but not accomplished because circumstances made delivery of written demand impossible, a notation, on the envelope containing the written demand, made by the person attempting delivery stating the date of the attempted delivery, the reasons why delivery could not be accomplished, along with the initials of the person attempting delivery and making said notation may be introduced as evidence of written demand on the debtor. If the judge in his discretion finds that sufficient evidence of due diligence in delivery of written demand has been made, he may make a conclusion of written demand for purposes of justice and find that there has been written demand on the debtor." (emphasis added)