LABORDE, Judge.
The plaintiff brought suit on open account seeking the principal and attorney’s fees pursuant to LSA-R.S. 9:2781. Judgment was granted awarding the amount claimed, legal interest, and attorney’s fees. The only issue on appeal is whether plaintiff complied with statutory requirements thereby justifying the award of attorney’s fees.
Lumey and Mary Thomas, defendants/appellants, established an open account with Acme Cement Products, Inc., plaintiff/appellee. Defendants accumulated an unpaid balance of three thousand nine hundred six and 14/ioo ($3,906.14) dollars with plaintiff. Plaintiff sent two demand letters correctly stating the amount owed. These letters appear in the record. The latter demand letter has annexed a receipt for certified mail. The record is devoid, however, of any evidence that copies of invoices reflecting the balance owing were attached to or enclosed with the demand letters.
The trial testimony in this matter was not recorded. Neither party provided a narrative of facts; pursuant to La.C.C.P. art. 2131, the trial court drafted its own. The trial court noted that only one witness testified. The narrative makes no mention of the demand letters containing copies of the invoices. Similarly, plaintiff’s affidavit in evidence fails to establish that invoices were enclosed with the demand letters.
ATTORNEY’S FEES
We find merit in defendants’ argument that the trial court erred in awarding attorney’s fees under LSA-R.S. 9:2781. That statute states in pertinent part:
“A. When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.” [1]
Before the enactment of LSA-R.S. 9:2781 in 1976, there was no provision for the awarding of attorney fees for the prosecution and collection of amounts due on open accounts. With its adoption, LSA-R.S. 9:2781 joined other statutes which facilitate the payment of attorney fees. We have construed such statutes strictly, however, because the award of attorney fees is exceptional and penal in nature. Frank L. Beier Radio v. Black Gold Marine, 449 So.2d 1014 (La.1984).
Plaintiff failed to prove that copies of invoices were attached to the demand letter. We find that the trial court erred in granting attorney’s fees. LSA-R.S. 9:2781 *407 clearly requires that a copy of the invoices accompany the letter. Our jurisprudence has continually strictly construed this statute. See Frank L. Beier Radio v. Black Gold Marine, supra at 1015, 1016; Cook v. O’Pry, 448 So.2d 891, 892 (La.App. 3d Cir. 1984); United Distributors, Inc. v. Redfern, 449 So.2d 580 (La.App. 1st Cir.1984). That portion of the judgment assessing attorney’s fees must be reversed.
For the above and foregoing reasons, we affirm the judgment of the trial court against the defendants in the amount of $3,906.14. We reverse the award of attorney’s fees. Costs are taxed to Acme Cement Products, Inc.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

. Acts 1985, No. 701, sec. 1 reduced the delay period from thirty (30) days to fifteen (15) days.