KING, Judge,
dissenting.
I respectfully dissent from the decision of the majority affirming the judgment rendered by the trial court.
In reviewing the evidence I believe that the trial court was manifestly in error and clearly wrong in making a finding of fact that plaintiff proved its merchandise was purchased and received by the defendant partnership. The invoices sued on were originally prepared by plaintiff showing sale and delivery of the merchandise, represented by the invoices, to another named partnership at an address other than the defendant partnership at its address. These invoices were then marked through, by unknown persons in plaintiff’s business organization and for reasons unknown, and the defendant partnership’s name and address penned in. The proof of delivery of the merchandise represented by these invoices to the defendant partnership also has not been proved by a preponderance of the evidence. The evidence in the record clearly shows that the defendant partnership had ceased to do business as a partnership, the partnership having become incorporated, long before the plaintiff’s alleged sale and delivery of the merchandise for which claim is being made in this suit. For this reason I believe the trial court judgment should be reversed as clearly wrong and manifestly in error on the Court’s finding of fact that there was proof of sale and delivery of plaintiff’s merchandise to the defendant partnership.
The record further reflects that the total amount of the judgment rendered against the defendant partnership, the sum of $7,674.62, is composed of the balance owed on two invoices and also is composed of three delinquent charges or service charges. There is no evidence whatsoever in the record that the defendant partnership had ever entered into a written contract with the plaintiff for the payment of delinquent charges or service charges on its open account indebtedness. Payment of such charges must be specifically agreed to. See S.E. Hornsby, Etc. v. Checkmate Ready Mix, 390 So.2d 213 (La.App. 3rd Cir.1980) and cases cited therein. For this reason I believe that part of the judgment (the amount of the delinquent charges or service charges) was improperly awarded and is an error patent on the face of the record without proof of a written contract between the plaintiff and the defendant partnership for the payment of delinquent charges or service charges on the open account indebtedness.
Plaintiff filed suit on an open account against the defendant partnership and also sought the award of attorney’s fees. Attorney’s fees can only be awarded on an open account indebtedness if there is a specific contractual provision providing for such attorney’s fees or if the award of attorney’s fees is authorized by statute. There is absolutely no evidence in the record to show that the defendant partnership ever contracted with plaintiff to pay attorney’s fees on its open account indebtedness with the plaintiff. Payment of attorney’s fees must also be specifically agreed to. S.E. Hornsby, Etc. v. Checkmate Ready Mix, supra. The only other way that attorney’s fees can be awarded on an open account indebtedness is by statute. *924 See LSA-R.S. 9:2781. This statute provides that attorney’s fees may be awarded on an open account but that the plaintiff must strictly comply with the statute before the award of attorney’s fees can be made. See Cook v. O’Pry, 448 So.2d 891 (La.App. 3rd Cir.1984). The courts of Louisiana have consistently held that this section must be strictly complied with. ABC Sch. Uniform v. LeHig’s Uniform Center, 446 So.2d 780 (La.App. 4th Cir.1984); Chaney Oil Co. of Vicksburg v. Beard, 446 So.2d 849 (La.App. 2nd Cir.1984). Louisiana courts have held that an award of attorney’s fees on an open account is improper where evidence of receipt of the written demand for payment of the account was not made, Sandair Corp. v. Davis Industries, 470 So.2d 279 (La.App. 5th Cir.1985), or where copies of the invoices were not mailed with a demand letter, Acme Cement Products, Inc. v. Thomas, 488 So.2d 405 (La.App. 3rd Cir.1986). This statute is to be strictly construed and it is the plaintiff’s burden to establish an entitlement to attorney’s fees based on this statute. Irwin Brown Co. v. Morton’s Auction Exchange, Inc., 446 So.2d 403 (La.App. 4th Cir.1984). This is so because an award of attorney’s fees is exceptional and penal in nature. Frank L. Beier Radio v. Black Gold Marine, 449 So.2d 1014 (La.1984); Odell Vinson Oil Field Cont. v. El Dorado Gas, 429 So.2d 561 (La.App. 3rd Cir.1983). There is absolutely no evidence contained in the record to show that plaintiff or its attorney sent a demand letter to the defendant partnership, together with copies of invoices representing the amount claimed, as required by LSA-R.S. 9:2781(A), nor is there any evidence of receipt of such a letter, together with attached invoices, by any partner of the defendant partnership or its employees, as required by LSA-R.S. 9:2781(A), nor is there any evidence of the statutory time limitations for payment having expired between the sending of a demand letter, together with attached invoices, before the institution of suit, as required by LSA-R.S. 9:2781(A), all of which is required before the court can award attorney’s fees on an open account under authority of this statute. I believe that the allowance of attorney’s fees on this open account indebtedness without proof in the record of a contract for the payment of attorney’s fees or proof in the record of compliance with the statute permitting an award of attorney’s fees on an open account indebtedness is also an error patent on the face of the record.
For these reasons I dissent from the decision of the majority affirming the judgment of the trial court.