**Frank B. HAYNE, Plaintiff-Appellant,**

v.

**B.J. HARDY and Ernest Wood, Jr., Defendants-Appellees.**

No. 86–3252
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 20, 1986.

Harry D. Hoskins, III, New Orleans, La., for plaintiff-appellant.

Ernest J. Wood, Jr., B.J. Hardy, Star Attractions, Inc., Dallas, Tex., for defendants-appellees.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

**OPINION**

JERRE S. WILLIAMS, Circuit Judge:

This is a diversity jurisdiction case, 28 U.S.C. § 1332, in which appellant Frank B. Hayne, an attorney, sued for recovery of legal fees for services rendered on behalf of appellees B.J. Hardy and Earnest Wood, Jr., from June 21 through August 9, 1985. At two different times appellant submitted bills to appellees. These separate bills for his services totaled $34,346.12. In addition, appellant billed appellees $1,800.00 for expenses incurred in cancelling a vacation in order to work on appellees' behalf. Finally, appellant billed appellees $3,992.65 for the services of a third attorney procured by appellant. Subtracting a $5,000.00 payment made by the appellees, the appellant's claim totaled $35,138.77. Appellees refused to pay this amount, disputing not the rate of pay, but only the number of hours appellant claimed to have worked.

At trial, appellant submitted his total bill and testified, along with several other witnesses, as to its accuracy. His bill contained a short description of his day-by-day activities and the number of hours worked. Appellees, who did not testify at trial, entered the deposition of appellee Hardy into evidence. The district court requested that both parties submit proposed findings of fact, and it adopted to a substantial degree the findings proposed by appellees. The court entered a judgment for appellant in the amount of $21,498.77.

Appellant claims that the district court erred in failing to award him the full amount of fees and expenses charged to appellees, and that the court erred in failing to award reimbursement for his cancelled vacation. Finally, appellant argues that the court should have awarded him additional attorney fees for the cost of collecting his original fees because his claims were made on an open account.

**I.**

The district court's judgment regarding a reasonable fee for the services provided is a finding of fact, and therefore our review is governed by the "clearly er-

roneous" standard. *Williamson v. Brown*, 646 F.2d 196 (5th Cir.1981). Appellant argues that his was the only evidence presented at trial, and that his evidence was unimpeached and therefore presumptively credible. Appellant is wrong on both counts. First, his was not the only evidence presented at trial. The deposition of appellee Hardy was presented, and it contains testimony sufficient to uphold a finding that appellant was not owed what he claimed. Second, appellant's testimony was arguably impeached both by the deposition and by appellees' cross-examination of appellant. Finally, the trial court could have found appellant's testimony incredible without regard to impeaching testimony. In *Carlisle v. M/S Sistina*, 407 F.2d 824 (5th Cir.1969), we explained the broad discretion given a district judge with respect to findings of credibility:

> While we agree with appellant that a court may not arbitrarily disregard the testimony of a witness whose testimony appears to be credible [citation omitted], appellant's assumption that the court was remiss in this respect has no basis in the record. The District Judge affirmatively stated that the pilot boat operator's testimony was considered. That he chose to give no weight to such testimony is the District Judge's prerogative.

*Carlisle, supra* at 826.[1]

Simply put, the district judge acted within his discretion in choosing not to believe appellant's testimony. In cases such as this where the lawyer's own testimony concerning his bill is not fully accepted, the judge's own knowledge, experience, and expertise is, practically speaking, virtually the only resource available in the determination of a fair and reasonable fee. We uphold, therefore, the district court's judg-ment awarding appellant fees based on 181.2 hours worked at $120 per hour.

## II.

Appellant claims that he should have been awarded $1,800.00 to reimburse him for expenses he incurred in cancelling a vacation in order to work on appellees' case. Appellees argue only that appellant's appeal is unnecessary, that the trial court did, in fact, award appellant this amount. A careful analysis of Finding of Fact No. 41 clears away the confusion. The district court did indeed find that appellant was entitled to the $1,800.00 reimbursement, but then failed to add that figure to the award in its Finding of Fact number 41.[2] Consequently, we must revise the judgment to increase the award to appellant by $1,800.00.

## III.

Appellant argues that this suit which he found necessary to bring to collect his fees constitutes a claim on open account, and that, therefore, under La.Rev.Stat.Ann. § 9:2781 (West 1986), he is entitled to recover his additional attorney fees for the collection of his statement of fees. The district court held that there could be no recovery because appellant's fee was not on an open account. The district court's resolution of this issue is a conclusion of law, and thus we consider the issue independently of the court's decision. *Williams v. New Orleans Steamship Ass'n*, 673 F.2d 742 (5th Cir.1982), *cert. denied*, 460 U.S. 1038, 103 S.Ct. 1428, 75 L.Ed.2d 789 (1983).

The instant claim is brought on a contract under which appellant promised to perform whatever legal duties were neces-

---

1. Appellant's reliance on *Robertson v. Scanio Produce & Inst. Foods, Inc.*, 449 So.2d 459 (La. 1984) is misplaced. *Robertson* holds that uncontradicted testimony should be accepted "only where the record indicates no sound reason for its rejection." *Robertson, supra* at 462. Here, the cross-examination of appellant and appellee's deposition provide ample reason for discounting appellant's testimony.

2. The award based on the hours worked for the July 8 bill totalled $18,780.00 (156.5 hours at $120/hour). To this amount the court purported to add the $1,800.00 claim and $438.00 in expenses. Actually, however, the court only added the expenses to arrive at the $19,218.00 figure. Taking the district court at its word, we find that the $1,800.00 should have been included in the award.

sary to preserve appellees' rights to purchase the stock and the business operations of Ogden-Perry Theaters, Inc. and related subsidiary corporations. These services were performed pursuant to appellant's and appellees' agreement on both the contract's purposes and the rate of compensation. The services were rendered as professional employment in connection with that one transaction. Before 1983, a claim based on one transaction would have been denied recovery under § 9:2781 as not involving an open account. *Weedon Engineering Corp. v. Hale*, 435 So.2d 1158 (La. Ct.App.1983), established that professionals rendering services must do so on a continuing basis in order to qualify for recovery under the statute.[3]

■ In 1983, however, Subsection C of § 9:2781 was amended to provide:

... "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services.

La.Rev.Stat.Ann. § 9:2781 (West 1986). After this amendment was passed, the Louisiana Court of Appeals ruled that a credit service could recover under the statute as an open account a fee of $330.60 for performing a single appraisal on a motor vehicle. The court held that "[a] single transaction, such as the one in the present case, now falls within the definition of an 'open account' and attorney fees are appropriate in such cases." *Commercial Credit Claims Ser. v. Richardson*, 454 So.2d 177 (La.Ct.App.1984). *See also Almerico v. Katsanis*, 458 So.2d 158, 160 (La.Ct.App. 1984). Contrary to the finding of the district court, we find that appellant did not

need to demonstrate any history of prior dealings in order to establish under Louisiana law that his claim was one on open account. We find, instead, that his claim for legal fees did constitute an open account claim under the broad provisions of the amended statute.

■ Appellant, however, is not in a position to claim the benefit of the open account statute. Subsection A of § 9:2781 makes a debtor liable for the claimant's open account claim only if the claimant sends the debtor a "written demand ... correctly setting forth the amount owed ..."

The Louisiana Supreme Court has interpreted the "correct amount" requirement with great stringency, holding that a claimant cannot recover fees under § 9:2781 unless the court decides that he is entitled to the full amount requested in the written demand sent at least 30 days before trial. If a claimant's bill is adjusted by the court to any degree whatsoever, the claimant is held to have failed to meet the statutory requirement of giving notice as to the correct amount owed.

The following Louisiana cases reveal the strict application of this written demand requirement. In *Beier Radio v. Black Gold Marine*, 449 So.2d 1014, 1016 (La. 1984), the claimant had sent the debtor a bill that included interest on the balance due. After the Court of Appeals reversed the trial court's award of interest, the Louisiana Supreme Court held that the claimant's bill no longer correctly reflected the amount owed; consequently, it denied the § 9:2781 claim.

In *Cook v. O'Pry*, 448 So.2d 891 (La.Ct. App.1984), the claimant's bill reflected a balance owing from several invoices. The Court of Appeals reversed the trial court as to one of the invoices, finding it was for services not covered by the pleadings. Re-

---

3. Appellant's reliance on *Weedon* to establish that attorney's services can provide a basis for an open account is misplaced. *Weedon* speaks to the question of whether professionals other than doctors and lawyers must provide continuing services in order to recover under § 9:2781.

The case assumes (correctly, before the 1983 amendment) that doctors' and lawyers' services must be of a continuing nature. In any event, the 1983 statutory amendment has rendered the case inapplicable.

ducing the award by the amount of that invoice, the Court of Appeals then eliminated the attorney fees award under § 9:2781 because the claimant's bill no longer asked for the exact amount that the court awarded.

In *Irwin Brown Co. v. Morton's Auction Exchange,* 446 So.2d 403 (La.Ct.App. 1984), the claimant's demand letter requested payment of an amount determined at trial to be too high because one of the invoices was subject to an offsetting credit. Again, because the amount awarded differed from the amount demanded, no attorney fees were awarded under § 9:2781.

Finally, in *Ferd. Marks-Smither & Co. v. Home Furnishing Store,* 430 So.2d 239 (La.Ct.App.1983), the claimant demanded payment of $3,851.38 before trial. At trial, he sought only $1,826.66. The claimant's brief on appeal undertook to explain that "the changes on the account could not have occurred prior to demand." *Id.* at 241. The Court of Appeals, however, found that "[a]t trial, no evidence was adduced indicating the nature and reasons for these changes on account." *Id.* Disregarding the post-trial explanations, the court held that "the demand did not correctly set forth the amount owed and, therefore, attorney fees should not have been awarded." *Id.*

These cases demonstrate that under the Louisiana statute nothing short of a complete recovery in court of the amount demanded before trial will suffice to fulfill the requirements of § 9:2781. *Irwin Brown* demonstrates that a claimant can fail under § 9:2781 if his underlying claim is only partly meritorious, and *Cook* demonstrates that he can fail even though the underlying claim may be entirely meritorious but the total amount claimed is faulty. Finally, there is no hint in these cases that the demand requirement of § 9:2781 is to be relaxed when the underlying claim is for attorney fees on the ground that such claims are inherently variable. The statute requires that the "correct" amount must be stated. We cannot infer a limitation on this provision. *Erie Railroad Co. v.*

*Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Because appellant's bill did not correctly state the amount owed as determined by the trial court, appellant's claim under § 9:2781 is denied.

### Conclusion

The district court's finding that appellant be awarded fees based on 181.2 hours worked at $120 per hour is affirmed. The finding that appellant is to be reimbursed $1,800.00 for his cancelled vacation is affirmed. To correct the inadvertent omission of this amount in the judgment, the judgment is revised to total TWENTY–THREE THOUSAND TWO HUNDRED NINETY–EIGHT and 77/100 DOLLARS ($23,298.77). Finally, the district court was correct in denying appellant's claim under La.Rev.Stat.Ann. § 9:2781 for attorney fees. Contrary to the conclusion by the district court, the claim was based upon an open account under Louisiana law, but the claim failed because the correct amount of the claim was not stated in the required notice.

JUDGMENT AFFIRMED AS REVISED.