533 So.2d 1256 (1988)
GUEDON AND ASSOCIATES, INC.
v.
Lawrence HAIK, Sr. and Equity Investment Services, Inc.
No. 88-CA-0468.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 1988.
Rehearing Denied December 14, 1988.
*1257 Harry T. Widmann, New Orleans, for plaintiff/appellant.
Before BYRNES, WILLIAMS and PLOTKIN, JJ.
WILLIAMS, Judge.
This suit concerns a dispute over the balance due plaintiff under a cost plus profits oral construction contract. Plaintiff's petition asserts defendants owe a balance of $21,866.60 for services rendered at the 2000 Old Spanish Trail project in Slidell, while defendants' answer denies a balance is due because plaintiff failed to pay subcontractors who delivered materials for the building project. The trial court found a balance of $22,210.10 was due and owing, but awarded defendants credits of $5,000.00 and $9,906.92. Thus, from the final award in plaintiff's favor in the amount of $7,304.18, plaintiff appeals claiming defendants' evidence for the credit of $9,906.92 was hearsay and in disregard of discovery rules; defendant was not a credible witness for proving the $5,000.00 credit; and the trial court erred in not finding this suit an action on an open account under LSA-R.S. 9:2781, thereby entitling plaintiff to attorney's fees. We disagree with plaintiff's assertions. Accordingly, we affirm the lower court's judgment.
Plaintiff, Guedon and Associates, Inc., is a general contracting and construction company owned 98% by Edward E. Guedon and 2% by his spouse. Defendants are Lawrence Haik, Sr., and the company of which he is president and sole owner, Equity Investment Services, Inc. Because Equity Investment, a real estate brokerage company, is in bankruptcy, plaintiff sought to hold and succeeded in holding Mr. Haik personally liable for negotiating the oral construction contract on behalf of Equity Investment.[1] As Mr. Haik neither appealed *1258 nor answered plaintiff's appeal, the issue of his personal liability is now final.
Mr. Guedon representing Guedon and Associates and Mr. Haik for Equity Investments, orally agreed to a construction contract of time and materials plus 15% profits. Their original agreement was to renovate Mr. Haik's property at 2000 Old Spanish Trail in Slidell, by connecting two existing buildings through the construction of a conference room and an office in the space between the buildings. The project originally had a cost ceiling of $31,928.00, inclusive of profits. Subsequently, the construction plans were modified to include skylights and restroom facilities; no new ceiling was set.
Plaintiff began construction work in August, 1983 and concluded work on or about September 30, 1983. Thereabouts, Mr. Guedon submitted to Mr. Haik an invoice dated September 30, 1983 indicating payments totalling $15,000.00 and a balance due of $22,211.10. On February 28, 1985 a written demand for payment was sent on behalf of plaintiff by certified mail to defendants requesting payment within 30 days. When no payment was made in response to the demand letter, plaintiff filed this suit on June 10, 1985, claiming $21,866.60 due for the 2000 Old Spanish Trail project and $28,460.54 due for the John F. Lawhon Company project[2], demanding attorney's fees pursuant to LSA-R.S. 9:2781 and claiming Mr. Haik and Equity Investments were solidarily liable for the aggregate due.
Defendants originally excepted to venue and the nonjoinder of a necessary party. Plaintiff then amended its petition to include the John F. Lawhon Company and the company with which it had merged, W. & J. Sloane Corporation. Within a month of amending the petition, W. & J. Sloane Corporation and its subsidaries filed for protection under Chapter 11 Bankruptcy so that all actions against it were stayed. Then, prior to the hearing on their exception to venue, Mr. Haik and Equity Investments answered and filed their third party demand against John F. Lawhon Co. and W. & J. Sloane Corporation.
During discovery, plaintiff filed a motion to compel answers to interrogatories, production of documents and that admissions be deemed admitted. Mr. Haik filed a motion for summary judgment to have all claims against him be dismissed. The record reflects that neither motion was heard or ruled upon. On April 15, 1987, the suit was tried by bench trial.
At trial, plaintiff introduced its invoice dated September 30, 1983 showing payments totalling $15,000.00 and a remaining balance due of $22,211.10. The invoice did not indicate the dates or the amounts of the prior payments. For Guedon and Associates, Mr. Guedon testified the $15,000.00 had been paid at various times prior to his preparation of the invoice. He also testified Mr. Haik's check for $5,000.00 dated September 30, 1983 is included in the $15,000.00 credit indicated on the September 30, 1983 invoice; he claimed he may have prepared the invoice a few days after September 30th.
The trial court's reasons for judgment indicate Mr. Guedon's testimony contradicted itself as to whether the invoice was prepared on September 30, 1983 or before or after that date and as to whether Mr. Haik's check dated September 30, 1983 was included in the $15,000.00 credit indicated on plaintiff's invoice. The court, however, did not find Mr. Haik's testimony contradictory when he testified the $15,000.00 credit indicated on the plaintiff's invoice did not include his September 30, 1983 payment. The trial court also made note of Mr. Haik's testimony concerning payments, totalling $9,906.92, he made for supplies and of those payments being evidenced by copies of checks entered into evidence.
Mr. Haik also testified that some of the invoices plaintiff submitted into evidence in support of its claim were either for materials *1259 used on projects other than the 2000 Old Spanish Trail project or for invoices defendants had paid suppliers directly. Mr. Haik then testified he had paid the Southern Air Conditioning invoice of $3,500.00, an invoice that plaintiff claimed was due it as part of the $22,211.10 balance due. Under cross-examination, Mr. Guedon admitted that he had not paid that invoice and admitted it was included as part of the balance he claimed as due and owing. Mr. Guedon also admitted the $5,664.56 in charges from Bernard Lumber for materials delivered in May or June, 1983 did not relate to the 2000 Old Spanish Trail project, as plaintiff did not begin that project until August, 1983.
In its resolution of plaintiff's claim, the trial court remarked upon the problems with proof in the case caused by both parties being poor record keepers. Despite this handicap, the trial court rejected plaintiff's argument that this is a suit on an open account and resolved plaintiff's monetary claims as follows: plaintiff is due the sum of $22,211.10 for the work performed at 2000 Old Spanish Trail, but from that sum, defendants are entitled to a credit of $5,000.00 and of $9,906.92. Thus, plaintiff is due the balance of $7,304.18.
From that judgment, plaintiff appeals, claiming the trial court erred in granting the credits of $9,906.92 and $5,000.00 and in not finding this is a suit on an open account.
ASSIGNMENT OF ERROR NO. 1
To support its claim that the trial court erred in granting defendants the credit of $9,906.92, plaintiff presents four arguments: the documentary evidence supporting the credit should be disallowed because it had been withheld prior to trial in flagrant disregard of discovery rules; the documentary evidence supporting the credit should be disregarded because it is unauthenticated hearsay of non-parties; the defendants' claim of a credit is irrelevant to the parties' time and materials plus profits contract; and the defendants offered no corroborating evidence to demonstrate the documents they submitted into evidence pertained to the 2000 Old Spanish Trail project. For the following reasons, we affirm the trial court's judgment granting defendants the $9,906.92 credit.
In order to demonstrate that the amount[3] claimed as the balance due for the 2000 Old Spanish Trail project is not accurate, defendants introduced into evidence, in globo, a number of checks, invoices and statements. These documents allegedly show defendants' payments to some suppliers such as Southern Air Conditioning, on invoices plaintiff has not paid, yet is attempting to collect. The introduction of these documents, however, was objected to by plaintiff's attorney on the ground that during discovery he filed a request for production of documents, specifically for any documents defendants intended to offer at trial; nevertheless, he had not received these documents until the morning of trial.
A number of weeks prior to trial Mr. Haik, who is the third or fourth cousin of Mr. Guedon, delivered directly to Mr. Guedon copies of all the documents defendants introduced into evidence. A duplicate set of these documents was delivered to plaintiff's attorney the morning of trial. Thus, the record does not support plaintiff's accusations that defendants' documents were inexcusably withheld from plaintiff's attorney until the morning of the trial, that defendants were attempting trial (defense) by ambush, and the defendants were hiding evidence.
Plaintiff had actual knowledge of the existence of these documents, as well as physical custody of them. Thus, although we do not condone defendants' informal response to discovery, plaintiff was not denied access to material evidence. Additionally, the documentary evidence was of the type that plaintiff could have expected to be used in a case of this nature and plaintiff had the opportunity to rebut the evidence. Recherche, Inc. v. Jewelry Jungle, *1260 Inc., 377 So.2d 1329, 1332 (La.App. 1st Cir. 1979), writ den., 379 So.2d 254 (La.1980); see also Lefort v. Meibaum Bros., Inc., 321 So.2d 824 (La.App. 4th Cir.1975).
As plaintiff has not specifically identified how its case has been prejudiced by the delivery of the documentary evidence to Mr. Guedon rather than to his attorney, we find that no actual prejudice occurred by admitting the evidence over the objection that the evidence was introduced in disregard of proper discovery procedures.
Plaintiff's next contention was that the trial court erred in admitting the checks which purportedly showed defendants' direct payment of invoices to suppliers because the evidence was hearsay and irrelevant. At trial, however, plaintiff limited its evidentiary objection to the evidence being in disregard of discovery rules. Because the objections of hearsay and irrelevance cannot be asserted successfully for the first time on appeal, plaintiff's failure to timely object to the admissibility of the evidence specifically on those grounds, waived those objections. See Airline Constr., Inc. v. Ted Hicks & Assoc., Inc., 506 So.2d 554, 556 (La.App. 1st Cir.1987), writ den., 511 So.2d 1157 (La.1987).
The specific grounds for objections to the admission of evidence must be made at the time that the court makes its ruling thereon. LSA-C.C.P. art. 1635; Cooper v. AMI, Inc., 454 So.2d 156, 161 (La.App. 1st Cir. 1984), writ den., 459 So.2d 539 (La.1984); see also Laumann v. Sears, Roebuck & Co., 391 So.2d 954 (La.App. 4th Cir.1980); Schoonmaker v. Capital Towing Co., 512 So.2d 480, 485 (La.App. 1st Cir.1987), writ den., 514 So.2d 458 (La.1987). Different grounds for objections cannot be asserted on appeal. Cooper v. AMI, Inc., 454 So.2d at 161. Thus, plaintiff's failure to object to the documentary evidence on the grounds of hearsay or irrelevance, constituted a waiver of the right to object to its admissibility. See Taunton v. Cane Air, Inc., 405 So.2d 624, 626 (La.App. 3d Cir.1981). Thereafter, the evidence may be considered and given probative effect. Thibodeaux v. Western World Ins. Co., 391 So.2d 24, 27 (La.App. 3d Cir.1980); Gilbert v. Gravity Drainage Dist. # 5 of Calcasieu Parish, 154 So.2d 575, 578 (La.App. 3d Cir.1963) [secondary evidence received without objection becomes competent proof]; Chivers v. Couch Motor Lines, Inc., 159 So.2d 544, 552 (La.App. 3d Cir.1964) [failure to object to hearsay when admitted at trial constitutes a waiver of the right to object to its admissibility; such evidence may then be considered and given probative effect; and on appeal a party may not urge that such evidence was actually inadmissible].
Plaintiff also contends that the trial court erred in finding defendants established their entitlement to the $9,906.62 credit because defendants offered no corroborating evidence to demonstrate the checks pertained to the 2000 Old Spanish Trail project. To support this argument, plaintiff claims Mr. Haik admitted he did not know whether all the checks introduced in globo as defendants' exhibit three pertained to the 2000 Old Spanish Trail project.
The record amply supports the trial court's finding that both parties were poor record keepers. Furthermore, when cornered by opposing counsel, both parties admitted that some of the checks and/or invoices introduced into evidence to support their respective claims did not pertain to the 2000 Old Spanish Trail project. That factor, however, is not fatal to defendants' claim of credit of $9,906.62. The trial court obviously made an equitable determination and found defendants were entitled to a credit of $9,906.62 based upon an analysis of the documents contained within exhibit three. Moreover, plaintiff readily admitted to the trial court and to this court in its brief that defendants proved their entitlement to $3,500.00 of that credit, due to defendants' payment of the Southern Air Conditioning invoice.
Considering the documentary evidence together with Mr. Haik's testimony concerning amounts he paid suppliers for which plaintiff is attempting to double bill, we do not find that the trial court clearly erred in its credibility evaluations and findings *1261 of fact.[4] The evidence on record furnishes ample basis for both.
We conclude plaintiff's Assignment of Error No. 1 is without merit. The judgment of the trial court as to the credit due defendants of $9,906.62 is affirmed.
ASSIGNMENT OF ERROR NO. 2
Plaintiff claims defendants failed to produce documentation proving payments to plaintiff totalling $20,000.00. Therefore, plaintiff asserts the trial court manifestly erred in granting defendants a credit of $5,000.00.
At trial, plaintiff introduced its own invoice dated September 30, 1983 which admits plaintiff's receipt of past payments totalling $15,000.00. Additionally, Mr. Guedon testified that a total of $15,000.00 had been paid by defendants prior to Mr. Guedon's preparation of the invoice. However, as the trial court's reasons for judgment indicate, Mr. Guedon's testimony contradicted itself as to the date the September 30, 1983 invoice was prepared and as to whether the invoice included Mr. Haik's $5,000.00 check dated September 30, 1983 as part of the $15,000.00 credit indicated on the invoice. Defendants' evidence, however, included a check from Mr. Haik to plaintiff for $5,000.00 dated September 30, 1983 and Mr. Haik's testimony that following his receipt of plaintiff's September 30, 1983 invoice, he wrote Mr. Guedon the check for the $5,000.00. Mr. Haik also testified about his agreement with Mr. Guedon, both were to review the suppliers' invoices and the laborers' time records before further payments were to be made.
When faced with evidentiary problems involving conflicting testimony and incomplete evidence, the trial court is directed to reconcile the apparent contradictions in testimony wherever possible and to render an equitable judgment. ABC Sch. Uniforms v. Le Hig's Uniform Center, 446 So.2d 780, 782 (La.App. 4th Cir.1984). The judgment makes it apparent that the trial court accepted Mr. Haik's unwaivering testimony instead of Mr. Guedon's contradictory testimony. As the plaintiff's invoice did not reflect the dates or amounts of Mr. Haik's prior payments totalling $15,000.00 and as both parties were equally poor record keepers, the matter became a credibility issue which the trial court reconciled in favor of defendants.
The trier of fact should assess the credibility of witnesses to determine the most credible and realistic evidence; his evaluations of testimony will not be disturbed on appeal unless clearly erroneous. Dean v. Terrebonne Parish Police Jury, 510 So.2d 82, 87 (La.App. 1st Cir.1987). After a careful review of the record, we do not find the trial court was clearly wrong. Plaintiff's invoice dated September 30, 1983 admitted plaintiff's prior receipt of $15,000.00. The invoice, coupled with Mr. Haik's September 30, 1983 check for $5,000.00 and his testimony concerning his receipt of plaintiff's invoice prior to his delivery of the September 30, 1983 check to Mr. Guedon, adequately proved defendants' entitlement to the $5,000.00 credit. Accordingly, we find *1262 Assignment of Error No. 2 is without merit and affirm the judgment of the trial court as to the $5,000.00 credit.
ASSIGNMENT OF ERROR NO. 3
Plaintiff's final contention is that the trial court erred by failing to find it performed on an open account basis and, thereby, wrongfully denied plaintiff the attorney's fees allowed under LSA-R.S. 9:2781. Contrary to the plaintiff's characterization of this suit, we find it to be a suit on an oral construction contract, the existence of which was attested to by both Mr. Guedon and Mr. Haik. Amending the original proposed cost ceiling agreement in order to add the skylights and restrooms did not create an open account. See Kenner Industries v. Sewell Plastics, 451 So.2d 557 (La.1984).
Notwithstanding this conclusion, plaintiff would not be entitled to attorney's fees even if this were an action on an open account. LSA-R.S. 9:2781 specifically states that attorney's fees are recoverable only when demand is made correctly setting forth the amount owed and all invoices in support thereof. Roberts v. Paciera, 411 So.2d 650 (La.App. 4th Cir.1982); Riverland Ford Corp. v. Carriage Meat Co., Inc., 449 So.2d 1131, 1134 (La.App. 5th Cir.1984). The amount demanded must be the correct amount. Cracco v. Barras, 520 So.2d 371, 372 (La.1988); Fleet Tire Service v. Schwegmann Bros. Giant Super Markets, Inc., 408 So.2d 54 (La.App. 4th Cir.1981); Irwin Brown Co. v. Morton's Auction Exchange, Inc., 446 So.2d 403, 407 (La.App. 4th Cir.1984); Ferd. Marks-Smither & Co. v. Home Furnishing Store, Inc., 430 So.2d 239 (La.App. 4th Cir.1983), Cook v. O'Pry, 448 So.2d 891, 892 (La.App. 3d Cir.1984). Because plaintiff's invoice and demand letter claimed a balance of $22,211.10 is owed, plaintiff's petition claimed a balance of $21,866.60 is owed and the trial court judgment found a balance of $7,304.18 is owed, plaintiff's demand did not correctly set forth the amount owed by defendants. The requirements of LSA-R. S. 9:2781, which are strictly construed, were not met. Cracco v. Barras, 520 So.2d 371, 372 (La.1988) (because the amount demanded was found to be subject to a setoff, the amount demanded was not correct). Thus, even if this were a suit on an open account, attorney's fees would not be recoverable.
For the reasons assigned, we find no merit in plaintiff's assignments of error. Accordingly, we affirm the award rendered by the trial court. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
PLOTKIN, J., dissents with reasons.
PLOTKIN, Judge, dissenting.
I respectfully dissent.
The issue in this appeal is the amount of credit given to defendant from the sum due plaintiff as a result of an oral building contract dispute. Calculations are based on checks and business records of the parties.
Plaintiff's petition alleges $21,866.60 due. Both the plaintiff and the defendant admit that defendant paid an invoice of $3500 to Southern Air Conditioning which the plaintiff had included in his amount due. Defendant Lawrence Haik offered into evidence the invoice and a check signed by him, drawn on a Pratt Management account payable to Southern Air Conditioning for the amount of $3500 as proof of his payment. Thus, this amount should be credited defendant. And, as the majority notes, the plaintiff admitted under cross-examination that an invoice of $5,664.56 from Bernard Lumber Company did not pertain to the construction contract at issue. Therefore, $5,664.56 should be credited defendant. The sum of the credits is $9,164.56, leaving a balance due to plaintiff of $12,702.04.
CREDITS BASED ON CANCELLED CHECKS
I. $5,000.
The trial court and the majority give the defendant a credit of $5,000 on the basis of his assertion that a $5,000 check dated September 30, 1983 was given to plaintiff after plaintiff presented him with an invoice dated September 30, 1983 acknowledging $15,000 paid. However, defendant produced *1263 only the September 30, 1983 $5,000 check as proof of his claim that he paid $20,000. He testified that part of the sum was paid in cash and part by check, but he offered no documentation at all. The plaintiff claimed that he received only three $5,000 checks, including the September 30, 1983 check. On cross-examination when Mr. Haik was asked why he did not give evidence of the other payments made to Mr. Guedon, he replied that he was a poor bookkeeper. When Mr. Haik claimed a credit, he had the burden of proving he made the payments. Moreover, Mr. Haik had control of evidence bearing upon the payment. Therefore, he should not receive credit for the $5,000 payment without presenting evidence. State Board of Medical Examiners v. McHenery, 69 So.2d 592 (La.App. 2d Cir.1953).
II. $9,906.62.
Extinction of an obligation by payment is an affirmative defense and a party asserting such a defense bears the burden of proving it. LSA-C.C.P. art. 1005. Jax Federal Credit Union v. Montelaro, 281 So.2d 461 (La.App. 4th Cir.1973). The defendant offered into evidence as proof of his payment of the $9,906.62 numerous checks made out to a variety of people and companies. The checks defendant offered were drawn on a Management Service Group, Inc. account, a corporation never identified; some were signed by defendant Haik and others were signed by an unidentified person. These documents are inadmissible because a proper foundation was not laid. At trial, the Court questioned Mr. Haik about the checks:
Q. ... [do] you have any written records or invoices to support why you gave those checks?
A. No. These were carpenters that worked for us on a regular basis.
Q. You just gave them checks without invoices or indicating on the check stubs where the work was being done?
A. No. It's all on Pratt. It said "Pratt."
Q. Pratt?
A. That's the building.
Q. The whole building?
A. Yes. That's the problem. That's why I asked Mr. Guedon to please get with them.
Q. Your records may be no better than Mr. Guedon's records?
A. Mine are probably worse than his. That's the problem. We have a bookkeeping problem here.
The checks offered by the defendant as proof of payment were not shown to have been payments on the contract at issue. For example, among the checks to individuals who worked at the Pratt building are three to James Burns totalling $1050. Mr. Haik admitted under cross-examination that James Burns never worked for Guedon and that the checks probably were payment for regular maintenance work not for the construction project which is the subject of this suit.
The checks totalling $9,906.62 offered by the defendant are inconclusive and lack probative value. The defendant failed to establish that these checks were drawn by the defendant in payment of invoices or claims arising out of the Pratt construction job. Because the defendant offered no proof that these checks were payments of specific invoices and there is some proof that the checks were for work not connected with the renovation project, they cannot be considered as evidence for defendant's claim. Provenzano v. Populis, 428 So.2d 556 (La.App. 4th Cir.1983).
Accordingly, because defendant Haik can prove only his right to credits of $3,500 and $5,664.56, he should receive a total of $9,164.56 credit. Plaintiff is therefore entitled to a judgment of $12,702.04.
NOTES
[1] Plaintiff was retained to do renovation work by Equity Investment at its 2000 Old Spanish Trail location in Slidell and by John F. Lawhon Company at its Tall Timbers location in Algiers. Plaintiff's petition claims Mr. Haik is liable for the balance due on both the Slidell and Algiers construction contracts because of his participation in negotiating them. The trial court's judgment, however, found Mr. Haik is not personally liable for the Algiers/John F. Lawhon construction project. Plaintiff did not appeal that ruling and it is now final. Accordingly, this opinion addresses only the Equity Investment/2000 Old Spanish Trail project.
[2] See Footnote No. 1.
[3] The plaintiff's petition claims $21,866.60 is the balance due; plaintiff's invoice of September 30, 1983 claims $22,210.10 is the amount due.
[4] The trial court's finding that defendants are entitled to the $9,906.62 credit may have been influenced by Mr. Guedon's admission that the charges from Bernard Lumber, totalling $5,664.56, were not related to the 2000 Old Spanish Trail project.

Upon direct inquiry by the trial judge, the parties and their counsel admitted they had not met prior to trial in order to review the evidentiary basis of one another's claims. In fact, Mr. Haik made his original review of the plaintiff's documentary evidence during the trial court's luncheon recess. When the court reconvened, Mr. Haik's counsel utilized his client's new found knowledge and questioned Mr. Guedon as to certain charges from Bernard Lumber. In response, Mr. Guedon admitted the May and June, 1983 charges, totalling $5,664.56, could not have been for the 2000 Old Spanish Trail project because the project did not begin until August, 1983. Despite this admission, however, the trial court did not adjust the balance due plaintiff to reflect that plaintiff failed to prove $5,664.56 of the $22,211.10 balance he claimed as due.
The record is unclear as to why the trial court did not adjust the balance due plaintiff. Because the amount is not a cost of the project, plaintiff is not entitled to profits for that amount; consequently, the $5,664.56 should have been subtracted from the balance due. Regardless, we affirm because defendant did not appeal this issue and we find sufficient evidence to show the final award is an equitable one.