392 So.2d 134 (1980)
Paul COBB, Sr.
v.
Willie GALLET.
No. 13543.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Rehearing Denied December 15, 1980.
Frank L. Koles, Greensburg, and L. B. Ponder, Jr., Amite, for plaintiff.
Charles M. Reid, Amite, for defendant.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an action for damages brought by a lessee for alleged breach of a contract of lease by the lessor by ordering lessee to leave a leased tract of land. The trial court awarded damages and attorney's fees. We affirm with respect to damages but deny attorney's fees.
By authentic act dated October 26, 1976, Willie S. Gallet leased to P. L. Cobb, 60 acres of land in Tangipahoa Parish "for purposes of pasture, grazing, and raising hay." The term of the lease was two years. The lease price was $14.00 per acre per year, payable in advance.
That lease was amended and corrected, to paraphrase the language of the amended instrument, to include an additional 45 acres, to state that the lease purpose was general farming and cultivation, to make the term of the lease 5 years from the date of the original lease, and to require the lessee to maintain fences. The corrected instrument was duly executed by the parties by authentic act dated November 8, 1976. The lease price was again $14.00 per acre payable in advance yearly.
*135 It appears there was some dispute about maintaining fences, and Gallet contends Cobb cursed him in a bitter argument over keeping the fences. Before the first year of the lease had elapsed, Cobb made three tenders of the lease rental for the next year. Gallet responded by refusing the tenders of payment and saying he wanted Cobb off the leased tract. Neither written instrument provided for termination.
Cobb sued for loss of profits resulting from his inability to raise livestock on the leased track, which he vacated after being ordered to leave. It appears that he made an effort in good faith to lease another tract to mitigate damages, but was unable to find another tract available. He was forced to sell his livestock. Cobb also sought attorney's fees. Gallet reconvened seeking termination of the lease as of October 25, 1977, and attorney's fees.
The trial court awarded plaintiff Cobb $26,000.00 damages and $2,500 attorney's fees, and took no action in its judgment on defendant's reconventional demand, thus impliedly rejecting it.
Defendant contends that a forcible eviction is necessary in order for an action for damages to be brought successfully, and, further, that plaintiff breached the lease by failure to repair the fences. On the question of the fences, we find the testimony to be in conflict as to whether or not plaintiff failed to keep the fences in good repair. The trial court did not give written reasons for judgment. Therefore, we will assume, for purposes of discussion, that plaintiff did not keep the fences in good repair.
On both issues, the case of Waller & Edmonds v. Cockfield, 111 La. 595, 35 So. 778 (1904) is directly in point. In that case, defendant leased a cotton gin to plaintiffs until January 1, 1903. In November, plaintiffs were informed "in terms very positive" by defendant's agent that they could not continue to operate the gin without an order from defendant, which was not forthcoming. Plaintiffs, therefore, stopped their work at the gin, and sued for lost profits. Defendant contended that plaintiffs had failed to maintain the gin properly. The Louisiana Supreme Court affirmed the trial court's award of damages for loss of profits, stating that defendant had breached the lease by seeking to obtain possession of the leased premises by extra-legal means, and that if plaintiffs had indeed failed to keep the gin in good repair, still defendant was restricted to obtaining possession by means that were legal. Similarly, in the present case, Gallet sought to obtain possession by extra-legal means (ordering Cobb to vacate the leased tract), and, even if, as we have assumed for purposes of discussion, Gallet had a legitimate complaint concerning Cobb's failure to maintain the fences, Gallet was restricted to enforcing his rights by legal means, which did not include ordering lessee-Cobb off the premises. The lease was not terminable and had at least four years yet to run.
Defendant-Gallet contends the quantum of the damage award was excessive. Defendant has failed to refute successfully Cobb's testimony that he generally made around $6,500.00 to $7,000.00 yearly from the cattle business, from the increase of calves and from other livestock, and the testimony is that if anything cattle prices have increased. This testimony is not contradicted. Nor can we agree with Cobb's contention that the award should be augmented to reflect the increase in cattle prices, as we do not find sufficient data available from testimony to justify such an augmentation of award.
We find that defendant is correct in his contention that Cobb should not have been awarded $2,500.00 in attorney's fees. A breach of contract does not generally give rise to an award of attorney's fees unless attorney's fees are authorized by the contract or by statute. Rutherford v. Impson, 366 So.2d 944 (La.App. 1st Cir. 1979), writ refused La., 369 So.2d 140 (1979). Neither lease provided for attorney's fees. An exception is found if there is fraud or bad faith on the part of the contracting party against whom relief is sought, as was present in the case cited by plaintiff in his brief on appeal, Smallpage v. Wagner & *136 Wagner, 84 So.2d 863 (La.App.Orl.1956). We find nothing to even suggest fraud or bad faith in the present case. Hence, we deny attorney's fees.
Accordingly, the judgment of the trial court is affirmed in awarding plaintiff damages in the sum of $26,000.00, and reversed in the award of attorney's fees, all costs of the trial court and this court to be paid by defendant-Gallet.
AFFIRMED IN PART, REVERSED IN PART.