PONDER, Judge.
This is an appeal from a judgment enjoining the Louisiana National Guard from awarding a construction contract to defendant, Airline Construction Company, as a result of bids submitted.
The issue is whether Airline was the lowest responsible bidder who bid according to the contract, plans and specifications as advertised.
We reverse and render.
The Louisiana National Guard advertised for bids for the construction of a 100-man armory. Airline Construction Company was the apparent lowest bidder with a bid of $680,503.40. The next lowest bid was $686,350.00 by plaintiff, Ted Hicks & Associates, Inc.
A discrepancy was found in Airline’s bid in that the total of the sixteen individual items did not equal the total base bid. However, the total base bid when added to the total alternates, as provided in Article 5.3.2 of the bid instructions,[1] equaled the total bid submitted by Airline. The Guard confirmed that Airline would agree to be bound by the lower figure, discussed the bid with state and federal authorities and then awarded the contract to Airline.
Plaintiff filed suit to enjoin Airline from acting under the contract, alleging that plaintiff was actually the lowest responsible bidder who had bid according to the contract, plans and specifications as advertised, and that awarding the contract to Airline was in violation of La.R.S. 38:2211, et seq., the public bid law.
After hearing, the trial court, in issuing a permanent injunction, found that a negotiation occurred after bidding when the Guard contacted Airline and Airline stated it was willing to stand by its bid, a violation of La.R.S. 38:2212.[2] Any contracts between the Guard and Airline, as a result of the bidding and negotiation, were illegal, null and void. Airline appealed.
Airline contends the Guard did not act unreasonably or arbitrarily in awarding the contract and followed its own procedural rules when adding the sum of the base bid and the total alternates for the total bid.[3] Plaintiff argues, however, that the total of the sixteen component items together with the total of the six alternates determined the total bid, which in Airline’s case resulted in a bid that was $35,000.00 higher. Plaintiff refers particularly to the bid proposal form, where beneath the entry for the total bid was written: “(Bid Item 1-16 and Alternates 1-6).”
*1159 La.R.S. 38:2212 gives the public agency awarding a public works contract the power and discretion to determine the responsibility of the bidder and to reject all bids if none are satisfactory, but does not permit the arbitrary selection of a higher bid and the rejection of others which are lower. Courts will not substitute their judgment for the good faith judgment of the administrative agency, so long as the agency’s discretion is exercised in a fair, legal and unarbitrary manner. Houghton Elevator Division v. State, Division of Administration, 367 So.2d 1161 (La.1979); Budd Construction Company, Inc. v. City of Alexandria, 401 So.2d 1070 (La.App. 3rd Cir.), writ denied, 404 So.2d 1262 (La.1981). The awarding agency may be wrong in the exercise of its discretion, but cannot be unfairly or arbitrarily wrong. Williams v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 388 So.2d 438 (La.App. 2nd Cir.1980).
Colonel Joseph L. Dabadie, Jr., the contracting officer on the project, testified he handled the opening of the bids and made the decision to award the contract to Airline. Because the low bidder was determined by the sum of the base bid and alternates, as provided in Article 5.3.2., the individual component figures in the bid proposal were irrelevant. Regardless of the fact that bid items one through sixteen did not add up to the $841,403.00 figure entered by Airline as its total base bid, that figure was written as the total base bid. This added to the total alternates equaled $860,-503.40, the figure entered as the total bid. Dabadie stated he followed the procedures outlined in the specifications.
The Guard determined that Airline “bid according to the contract, plans, and specifications as advertised.” The telephone conversation with Airline was simply a confirmation and did not constitute renegotiation. The interpretation of the specifications was reasonable and we do not find the Guard acted arbitrarily or abused its discretion in awarding the contract to Airline. As a matter of fact, the trial court expressly commented that the Guard acted in good faith. Plaintiffs reliance on Budd Construction Company, Inc. v. City of Alexandria, supra, is misplaced, the result in that case being based on defendant’s failure to follow its own guidelines. We find that the Guard followed its guidelines.
For these reasons, the judgment of the trial court prohibiting the National Guard from awarding the construction contract to Airline Construction Company and declaring any contracts between them null and void is reversed. There is now judgment dismissing plaintiff’s suit. Costs shall be paid by the plaintiff.

. Article 5.3.2:
It is the intent of the Owner, if he accepts any Alternates, to accept them in the order in which they are listed in the bid form. Determination of the low Bidder shall be on the basis of the sum of the Base Bid and the Alternates accepted. However, the Owner shall reserve the right to accept alternates in any order which does not affect determination of the low Bidder.

. La.R.S. 38:2212 provides in part:
A. (1) All public work exceeding the contract limit as defined herein, including labor, and materials, and all purchases of materials or supplies exceeding the sum of five thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this Part. All such bids shall be either hand delivered by the bidder or his agent in which instance the deliverer shall be handed a written receipt, or such bid shall be sent by registered or certified mail with a return receipt requested. However, the requirement that all bids be sent by registered or certified mail shall not apply to bids received by municipal and parochial governing authorities.
The term “contract limit” as used herein, shall be equal to the sum of thirty thousand dollars per project for the calendar year 1982 and, for each succeeding calendar year, shall be increased by a factor equal to three percent per year for each of the next ten calendar years.

.Article 1, section 1.5 of the instructions to bidders defines Base Bid as “the sum stated in the Bid for which the Bidder offers to perform the Work described as the base, to which Work may be added for sums stated in Alternate Bids.”