JOHN S. COVINGTON, Judge.
The State of Louisiana, through the Military Department, Louisiana National Guard (Guard) suspensively appealed the October 23, 1985 judgment awarding Airline Construction Company, Inc. (Airline) a sum of money for loss of profit and another sum as attorney’s fees for handling the instant suit and a previous suit, later referred to, and three-fourths of the costs of *555 the instant suit. Airline answered the Guard’s appeal, asking for damages for frivolous appeal and an increase in the attorney’s fees awarded by the court below. Ted Hicks & Associates, Inc. (Hicks) did not appeal the judgment which condemned Hicks to pay Airline attorney’s fees of $3,332.50 and one-fourth of the costs of the instant suit.
This case is a sequel to Ted Hicks & Associates, Inc. v. Stroud, 434 So.2d 1157 (La.App. 1st Cir. 1983). We will not reiterate the facts leading to that litigation except to the extent necessary for a proper understanding of the instant suit.
In Stroud, decided June 28, 1983, we reversed the lower court’s judgment which enjoined Airline from acting under a construction contract awarded it by the Guard on September 9, 1982 and which declared the contract null and void.
After the Stroud decision became final the parties to that suit entered into negotiations for the purpose of resolving issues of buy-out and/or take-over of the contract awarded to Hicks by the Guard, after Airline appealed but before we rendered our decision. Part of the work which Hicks contracted to do had been done by June 28, 1983. When negotiations failed, Airline filed suit against Hicks and the Guard, alleging wrongful use of the injunctive process, breach of contract, loss of profits, and attorney’s fees.
Following a two day bench trial on October 16 and 17, 1985, the lower court held the Guard liable for breach of contract and held Hicks wrongfully used the injunctive process. The trial judge rejected Airline’s claim, for failure of proof, that it had lost business because of its reduced bonding capacity while the Stroud litigation was running its course. The court also rejected, for failure of proof, Airline’s contentions that it was entitled to reimbursement for builder's risk insurance and its attempt to buy out the unperformed portion of the contract the Guard entered into with Hicks. The court also made a specific finding that Airline had attempted, without success, to mitigate its damages by negotiating to take over the Hicks contract.
ASSIGNMENTS OF ERROR
We summarize and restate defendant-appellant-Guard’s confusing statement of “errors of the trial court” as follows:
The trial court erred by: (1) admitting as evidence Plaintiff’s Exhibits 14 and 15 without first giving defendants’ counsel an opportunity to view them; (2) holding that the Stroud litigation was res judicata and refusing to “admit any evidence, testimony or facts from [it] ..., especially in regard to ... (a) the validity of [the] September 9, 1982 [contract] between [the Guard and Airline] ..., (b) [lack of contractual capacity of Airline], (c) ... not allowing] Colonel ... D’Abadie, a defendant and ... witness in ... [Stroud] to correct his own testimony in the transcript ...”; and (3) awarding attorney’s fees.
VALIDITY OF AIRLINE’S CONTRACT
The question of the validity of the September 9, 1982 contract between the Guard and Airline is encompassed in the Guard’s second assignment of error.
Maj. Gen. Stroud, the Adjutant General of Louisiana, Col. Dabadie, the Guard, and Airline were named as defendants in Hicks’ suit for injunction and declaration of status. In reversing the lower court’s judgment, we held, in Stroud, that the Guard did not act arbitrarily or abuse its discretion in awarding the contract to Airline. 434 So.2d at 1159. Stroud is finished business. As Judge Marshall stated, in another context, in Sears, Sucsy & Co. v. Insurance Company of North America, 392 F.Supp. 398, 413 (N.D.Ill.; 1974): “At some point, however, all the parties are entitled to say enough — the question has been decided.” The issue of the validity of the contract between Airline and the Guard was decided, laid to rest, in Stroud and we will not disinter it because the Guard, for reasons best known to it and its counsel, the Attorney General’s Office, “did not participate in the appeal” of the Stroud suit. Counsel for the Guard indicated some degree of unconcern about the pending appeal by letter to the Guard dated October *556 20, 1982 (Plaintiffs Exhibit # 5), stating in part that:
[HJowever, the appeal is not suspen-sive and cannot affect the good faith awarding of the contract to Ted Hicks & Associates.
[[Image here]]
... [I]t is our advise [sic] that the contract be awarded to the lowest bidder according to the [trial] court judgment, Ted Hicks and Associates. (Brackets supplied.)
Adjutant General Stroud informed Hicks, by letter dated October 4, 1982, that “the Louisiana National Guard cannot and will not take further action in this matter until the judgment of the [trial court] is final.” (Hicks Exhibit # 1). Col. Dabadie’s October 26, 1982 letter (Plaintiff's exhibit # 6) to the Attorney General’s Office stated the contract was being awarded Hicks on the basis of the recommendation of that office. The Guard’s second assignment of error is devoid of merit.
PLAINTIFF’S EXHIBITS 14 and 15
Almost six months before the trial began the Pre-Trial Order was signed and the trial dates fixed. Counsel for the Guard, in the appellate brief, asserts “these exhibits were secreted from the State during discovery which occurred just three days prior to trial” and that they “were not shown to opposing counsel prior to being admitted into evidence.” Appel-lee’s counsel responded to that accusation by stating:
Plaintiff acceded to a request for its records for review by the State two or three days prior to trial, when it was under no obligation to do so. Unless provided for in the pretrial order, all discovery was to have been completed prior to the pretrial conference_ [T]he State had more than ample time before the pretrial conference to ... complete its discovery. The State ... only hours before trial, requested record upon record, which were made available.... [T]he complained of exhibits ... were submitted for counsel’s review and counsel had the opportunity to examine the documents and [,] if appropriate, to enter a timely objection, which counsel did not do....
(Emphasis by plaintiff-appellee.) (Brackets supplied.)
The pretrial order which was signed on April 23, 1985 listed as a plaintiff's exhibit “all computations to determine profit and overhead” and “accounting for losses and damages occasioned plaintiff for failure of ... Louisiana National Guard, to comply with its formal contract with plaintiff.” On October 9, 1985, the trial judge signed an order permitting plaintiff to amend the pretrial order by naming as a “may call” witness Michael W. Boies, the C.P.A. who made the computations referred to in the pre-trial order and which were introduced into evidence as Plaintiff Exhibits 14 and 15; Boies was testifying on the basis of those exhibits when the Guard’s counsel objected to them on the grounds that she allegedly had never seen them.
The record supports the trial court’s ruling that the exhibits were admitted into evidence without objection and that the Guard’s objection was not timely. The record does not support the Guard’s accusation that plaintiff’s counsel “secreted [the documents] from the State during discovery which occurred just three days pri- or to trial.” (Emphasis and bracketed material are ours.) Having failed to timely object to the admissibility, the objection is waived. Calderon v. Johnson, 453 So.2d 615, 619 (La.App. 1st Cir.1984) and Cooper v. A.M.I., Inc., 454 So.2d 156, 161 (La.App. 1st Cir.1984), writ denied, 459 So.2d 539 (La.1984). The Guard’s first assignment of error is without merit.
ATTORNEY’S FEES
The Guard’s entire argument that the trial court erred in awarding attorney’s fees for services performed by plaintiff-ap-pellee’s counsel in the instant suit and the Stroud suit is as follows:
[T]here is no contractual provision for attorney’s fees. There is no statute allowing assessment of attorney’s fees in this fact situation. Therefore, the judg *557 ment which included attorney’s fees is incorrect.
From the outset the Guard knew that plaintiff was asserting its entitlement to attorney’s fees. Paragraph “15” of the petition itemized as one component of Airline’s damages “legal expense, court costs, attorney fees, past and future, the sum of $25,000.00.” The Guard’s short answer to Paragraph “15” is “Denied.” Neither Hicks’ counsel nor the Guard’s counsel voiced any objection to the awarding of attorney fees, either during or post trial, following the trial judge’s oral reasons for judgment.
Airline argues that the Guard’s briefing of the attorney’s fee specification of error is "inadequate” and should be considered abandoned under Rule 2-12.4, Uniform Rules-Courts of Appeal. In the alternative, Airline argues that the attorney's fee award of $5,533.03 for which the Guard was cast in judgment, “was awarded, not as an attorney fee per se, but as an element of damage” and that “the litigation expense would not have been incurred had it not been for the State’s arbitrary award of two identical contracts for the same project.” In support of its argument, Airline cites Bourne v. Rein Chrysler-Plymouth, Inc., 463 So.2d 1356 (La.App. 1st Cir.1984), writ denied, 468 So.2d 570 (La. 1985) and La.C.C. art. 1995 [formerly La. C.C. art. 1934, ¶[ 1].
In Cobb v. Gallet, 392 So.2d 134 (La.App. 1st Cir.1980), a lessee prevailed in his suit against the lessor for loss of profits resulting from breach of contract. Reversing the trial court judgment to the extent it awarded attorney’s fees for prosecuting the suit for damages, we observed in pertinent part, that:
A breach of contract does not generally give rise to an award of attorney’s fees unless attorney’s fees are authorized by the contract or by statute, (citation omitted.) Neither lease provided for attorney’s fees. An exception is found if there is fraud or bad faith on the part of the contracting party against whom relief is sought,.... We find nothing to even suggest fraud or bad faith in the present case. Hence, we deny attorney’s fees.
392 So.2d 134, 135-136. (Parentheses and ellipsis are ours.)
In Rutherford v. Impson, 366 So.2d 944 (La.App. 1st Cir.1978), writ denied, 369 So.2d 140 (La.1979), also a specific performance and breach of contract action, we rejected plaintiff-appellee’s request for attorney’s fees as a measure of damages, reasoning, in part, as follows:
As a general rule attorney’s fees are not allowed a successful litigant in Louisiana except where authorized by statute or by contract, (citations omitted.) Furthermore, an action for breach of contract does not fall within one of the limited exceptions to this rule. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970). This is because the parties had an opportunity to stipulate in the contract that attorney’s fees would be due in the event the contract was breached. The parties having failed to expressly provide an obligation to pay attorney’s fees, the law will not imply one.
366 So.2d 944, 947. (Parentheses supplied.)
The contract between the Guard and Airline, held invalid in the trial court in the Stroud suit and ruled valid by us in the decision reported at 434 So.2d 1157, does not contain a provision for attorney’s fees in the event of breach of the contract.
In the instant case the trial judge, in alluding to the December 14, 1982 contract which the Guard and Hicks entered into while the appeal of Stroud was pending, stated in oral reasons for judgment as follows:
“It has not been explained yet to the Court, and probably never will be explained, why the State proceeded the way they did, knowing that the case was on appeal. It’s just difficult to understand.”
The trial court’s justified bewilderment does not constitute a finding of fraud or bad faith on the part of the Guard. We disagree with Airline’s assertion that La. C.C. art. 1995 (formerly La.C.C. art. .1934, if 1) is a statutory basis for awarding attorney’s fees in this case. The Bourne decision cited by Airline is inapposite. In *558 Bourne, a redhibitory case, the statutory basis for awarding attorney’s fee was La. C.C. art. 2545. The Guard’s third assignment of error has merit. The suspensive appeal of the Guard is not frivolous, as Airline asserts. Accordingly, we reverse the award of attorney’s fees against defendant-appellant Guard. Defendant Hicks did not appeal the judgment awarding attorney’s fees for services rendered in the Stroud litigation. Therefore, the propriety of that award will not be reviewed as the judgment thereon is final.
Accordingly, the judgment of the trial court is affirmed in condemning the Guard to pay to Airline damages representing loss of profits in the amount of $59,576.00 and casting the Guard for three-fourths of the court costs, plus legal interest from date of judicial demand until paid. The State of Louisiana, through the Military Department, Louisiana National Guard, is cast for court costs in the amount of $1,130.33, which includes the cost of this appeal. La. C.C.P. art. 2164; La.R.S. 13:5112(A).
AFFIRMED IN PART; REVERSED IN PART.