**AMERICAN COMMERCIAL LINES, INC., et al., Appellants,**

v.

**Ennis EUSAY, Appellee.**

No. 25332.

United States Court of Appeals
Fifth Circuit.

May 23, 1968.

---

* Of the First Circuit, sitting by designation.

718

---

James J. Davidson, Jr., James E. Diaz, Timothy J. McNamara, Lafayette, La., for appellants.

Seth Lewis, Jr., Lewis & Lewis, Opelousas, La., for appellee.

Davidson, Meaux, Onebane & Donohoe, Lafayette, La., for defendants-appellants, American Commercial Lines, Inc. and Liberty Mut. Ins. Co.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

In this suit in Admiralty appellee Eusay, a railroad bridgetender, sustained physical injuries when barges being pushed by defendant's towboat struck the bridge and threw appellee into a column and cross brace of the bridge, causing serious injury to his back. The trial court awarded $73,151.34 damages.

The district judge found that the collision between the tow and the railroad bridge pier was caused solely through the negligence of the captain of the vessel who admitted the basic facts; also, that plaintiff was in no way contributorily negligent.

■■ The principal contest here is not over the question of negligence vel non, but involves a dispute as to the nature and extent of the injuries (and therefore the quantum of damages) which appellee sustained. Appellant contends that Eusay, the bridgetender, suffered from pre-existing osteoarthritis, also had been involved in an automobile accident immediately prior to the bridge incident, and that he is able to resume his former occupation. The trial court found, however, that Eusay had sustained severe, painful, permanent and crippling bodily injuries in this accident consisting mainly of a herniation of an intervertebral disc, that he had a perfect work record of seventeen years as bridgetender until the accident, and that as a result of his injury it was necessary to perform two surgical operations on him, with ultimate removal of the disc, in order to relieve his pain. The court believed Eusay would continue to suffer pain and discomfort for the remainder of his life, that he had a permanent functional disability of 30 to 35 per cent, and that he would not be able to compete in the general labor market. Substantial evidence in the record supports the district judge's findings, and we are unable to say, nor do we believe, that they are clearly erroneous (see Rule 52(a), Federal Rules of Civil Procedure) or that we are left with a definite and firm conviction that a mistake has been committed either as to the findings on negligence or the quantum of damages. See United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

Affirmed.