Sam W. CARLISLE, Appellant,

v.

M/S SISTINA, her engines, tackle, gear, etc., Appellee.

No. 26209.

United States Court of Appeals
Fifth Circuit.

Feb. 19, 1969.

---

1. Eanes v. United States, 280 F.Supp. 143 (E.D.Va.1968).

Joseph W. Nelkin, Bruce C. Waltzer, New Orleans, La., for appellant.

Walter Carroll, Jr., Benjamin W. Yancey, New Orleans, La., Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded that this case is of such character as not to justify oral argument. Accordingly, the Clerk has been directed to place the case on the summary calendar provided for such matters, and to notify the parties in writing.[1]

This appeal is from a judgment in favor of the M/S SISTINA, claimant below, and against libelant, and from a denial of libelant's motion for a new trial.

Libelant was injured when he fell to the deck of a pilot boat in attempting to descend a pilot ladder while disembarking from a ship in the Mississippi River. The controversy centers around the question of whether or not the ladder was properly secured to the vessel while libelant was leaving when the accident occurred. The District Court found that the pilot ladder furnished by the vessel was of inherently safe and proper construction for the intended usage. The only error alleged by appellant is that the District Judge failed to give consideration to the testimony of an eyewitness.

On the night of August 6, 1963, appellant, a river pilot and member of the Crescent River Port Pilots Association, piloted the M/S SISTINA, a Norwegian flag cargo ship, from New Orleans to Pilot Town, Louisiana, on the Mississippi River, where he was relieved by a bar pilot whose assignment was to take the ship to the open waters of the Gulf of Mexico. As is customary in the case of a vessel descending the Mississippi River, the same pilot boat which transported the bar pilot to the ship was to pick up the river pilot disembarking from the ship. The bar pilot at the appointed time and place ascended the ladder without incident. This ladder, known as a Jacob's ladder, is constructed with canvas-covered rope sides and wooden steps and weighs approximately eighty pounds. Several minutes later, appellant prepared to leave the ship using the same ladder and fell therefrom to the deck of the pilot ship waiting below.

The theory of appellant's case is that in the interim between the exchange of pilots, the ladder was hoisted up several feet by one or more of the ship's crewmen to the deck of the ship thereby caus-

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17-20 on December 6, 1968. See

Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158.

ing a slack in the ladder which, when appellant put his weight to it, gave way and resulted in his being jerked and thrown to the deck of the pilot ship.

The testimony of all of the ship's witnesses was to the effect that the ladder had been properly rigged and that it had not been tampered with. The bar pilot, called by libelant, stated on cross-examination that the ladder was properly secured and that he had no difficulty in using it. Testimony from a qualified marine surveyor established no likelihood of slack in the ladder because its weight when suspended from the ship would have caused the ladder to "pay out" immediately and thus remove any slack.

The only evidence which was in any way contrary to the ship's evidence came from libelant himself and the operator of the pilot boat. Appellant testified that he noticed a length of the ladder on the ship's deck when he started to descend. The pilot boat operator testified that subsequent to the bar pilot ascending the ship and prior to appellant's fall, he saw an arm reach out over the side of the ship and heave the ladder upward a distance of four or five feet. This witness testified by deposition shortly after the accident and again four years later at the trial. His testimony on both occasions was at great variance with that of the ship's witnesses and contained many inconsistencies and incongruities.

Appellant's motion for a new trial, as is this appeal, was based on the claim that the Court had either not properly evaluated or had completely disregarded the testimony of the pilot boat operator. In his minute entry denying the motion, the District Judge said that he carefully considered that testimony but refused to accord it any weight.

■■ While we agree with appellant that a court may not arbitrarily disregard the testimony of a witness whose testimony appears to be credible, Gee Chee On v. Brownell, 5 Cir., 1958, 253 F.2d 814, 817, appellant's assumption that the Court was remiss in this respect has no basis whatsoever in the rec-

ord. The District Judge affirmatively stated that the pilot boat operator's testimony was considered. That he chose to give no weight to such testimony is the District Judge's prerogative. Breland v. United States, 5 Cir., 1963, 323 F.2d 492, 496; Geigy Chemical Corporation v. Allen, 5 Cir., 1955, 224 F.2d 110, 114; American Casualty Co. of Reading, Pa. v. Windham, 5 Cir., 1939, 107 F.2d 88, 89.

■  This Court is bound by the findings of the District Court and may not disturb them unless they are clearly erroneous. Fed.R.Civ.P. 52(a); McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 8, 99 L.Ed. 20 (1954); Mladinich v. United States, 5 Cir., 1968, 394 F.2d 147, 148; American Commercial Lines, Inc. v. Eusay, 5 Cir., 1968, 395 F.2d 717, 718; Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774, 776. The District Judge's findings are amply supported by substantial evidence. He was persuaded by this evidence to resolve the conflict in favor of appellee, and we find no error in his decision.

Affirmed.