## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RAUL OLIVEROS-BALLON,<br>Appellant, | DOCKET NUMBER<br>SF-0752-15-0615-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>Agency. | DATE: April 15, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Linda A. Albers, Esquire, Laguna Hills, California, for the appellant.

Scott L. Zielinski, Esquire, Long Beach, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

## BACKGROUND

Effective May 30, 2015, the agency removed the appellant from his Supervisor of Customer Services position based on a charge of unacceptable conduct. Initial Appeal File (IAF), Tab 4 at 15. The agency based its charge on eight specifications that alleged, among other things, that the appellant made inappropriate remarks to five female subordinate employees. *Id.* at 24-25. For example, the appellant allegedly told an employee that he would be willing to help her cheat on her husband, and informed a different employee that she could have a day off in exchange for being "a little unprofessional." *Id.* He also allegedly touched an employee's back and squeezed her shoulder. *Id.* at 24. The appellant appealed his removal to the Board and requested a hearing. IAF, Tab 1 at 1-5. He disputed the agency's charge and the reasonableness of the imposed penalty, and alleged that the agency failed to follow its investigation procedures. IAF, Tab 1 at 2, Tab 13 at 2-4, 7-15.

After holding a hearing, the administrative judge issued an initial decision affirming the removal action. IAF, Tab 17, Initial Decision (ID) at 1, 12. The administrative judge sustained seven of the eight specifications of the unacceptable conduct charge, found a nexus between the sustained misconduct and the efficiency of the service, and determined that the penalty of removal was

within the bounds of reasonableness. ID at 4-11. He further found that the appellant failed to prove the affirmative defense of harmful procedural error or establish a disparate penalties claim. ID at 8, 10-11.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

### The agency proved its charge of unacceptable conduct.

¶5 On review, the appellant challenges the administrative judge's finding that the agency proved its charge, raising the following arguments: (1) the agency and the administrative judge improperly used prior bad acts to sustain the charge, in violation of Rule 404(b)(1) of the Federal Rules of Evidence; and (2) the administrative judge erred in relying on the testimony of the five complaining witnesses (complainants) in finding that the agency proved its charge. As discussed below, we affirm the administrative judge's finding that the agency proved the charge. ID at 8; *see Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (finding that, where more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

¶6 Regarding the appellant's argument that the agency and the administrative judge improperly used prior bad acts to sustain the charge in violation of the Federal Rules of Evidence, PFR File, Tab 1 at 3, 6, 13, we note that the Board uses the Federal Rules of Evidence as nonbinding guidance, *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 35 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011). Rule 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Here, however, the agency did not use the appellant's prior bad acts to prove his character, but charged him with those acts. IAF, Tab 4 at 24-25. He has not

provided any further explanation why he believes the agency is precluded from basing its charge on multiple specifications of misconduct.

¶7        On review, the appellant also disputes the administrative judge's finding that the complainants were more credible than him. PFR File, Tab 1 at 5-6, 8-12; ID at 3. Specifically, the administrative judge found that the complainants described remarkably similar incidents and found no evidence that they were friends, worked closely together, or discussed the incidents with each other. ID at 3. He also found that it was implausible that one of the complainants would have fabricated her allegations merely to retaliate against the appellant for telling her to button her shirt higher, as the appellant claimed. The administrative judge further found it unlikely that another complainant could have made up her allegations so quickly after the incident and presented it so convincingly to a coworker. ID at 3-4. While the administrative judge found the complainants testified vividly and consistently with their previous statements, he found the appellant only offered perfunctory denials. *Id.*

¶8        The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge heard live testimony and based his credibility determinations on the demeanor of the witnesses. ID at 3-8. Thus, the Board may overturn such determinations only if it has "sufficiently sound" reasons for doing so. *Haebe*, 288 F.3d at 1301.

¶9        For the following reasons, we find that the appellant's allegations do not provide a sufficiently sound reason to overturn the administrative judge's credibility determinations.[2] *See Rapp v. Office of Personnel*

---

[2] The appellant argues that the administrative judge was biased and abused his discretion in finding the complainants' testimony more credible than his own testimony. PFR File, Tab 1 at 8, 14. Because we find that the administrative judge properly made demeanor-based credibility determinations, we also find that the appellant has not established that the administrative judge was biased or abused his discretion. *See*

*Management*, [108 M.S.P.R. 674](), ¶ 13 (2008) (finding that a sufficiently sound reason to overturn a credibility determination is when the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole).

¶10 The appellant alleges that the administrative judge arbitrarily discredited his testimony because it was "perfunctory," and credited the complainants' testimony because it was "vivid." PFR File, Tab 1 at 5, 8, 13; ID at 3-8. He argues that his style of communication is due to his military background and the administrative judge should not have used it to assess his credibility. PFR File, Tab 1 at 8. He also cites to a decision of the U.S. Court of Appeals for the Fifth Circuit, *Gee Chee On v. Brownell*, [253 F.2d 814](), 817 (5th Cir. 1958), for the proposition that "a court may not arbitrarily reject the testimony of a witness whose testimony appears credible." PFR File, Tab 1 at 13. The Board has held that an administrative judge must consider the demeanor of a witness when making a credibility determination. *Hillen v. Department of the Army*, [35 M.S.P.R. 453](), 458, 462 (1987). We find that the administrative judge properly considered the manner in which the testimony was delivered in making his demeanor-based credibility determinations. *See id*. at 462 (finding that "demeanor" constitutes the carriage, behavior, manner, and appearance of a witness during testimony).

¶11 The appellant also claims that the administrative judge failed to consider his background as a "former Marine" and a "family man" and his "good employment record" in determining the credibility of his testimony. PFR File, Tab 1 at 8. However, an administrative judge is not required to consider these factors when making a credibility determination. *See Hillen*, 35 M.S.P.R. at 458 (setting forth the factors that an administrative judge must consider in making a credibility determination).

---

*Oliver v. Department of Transportation*, [1 M.S.P.R. 382](), 386 (1980) (finding that a party making a claim of bias against an administrative judge must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

¶12 Additionally, the appellant argues that the administrative judge failed to consider evidence that undermines the credibility of the complainants' testimony. First, he disputes the administrative judge's finding that there was no evidence that the complainants were friends, worked closely together, or discussed their allegations with each other. PFR File, Tab 1 at 9, 11; ID at 3. The appellant claims that the administrative judge overlooked evidence that the complainants had the same work shift and worked at the same facility. PFR File, Tab 1 at 9. Because the administrative judge's finding that the complainants were credible is consistent with the record, we find that the appellant's mere conjecture that the complainants might have communicated together before they testified does not provide a sufficiently sound reason to disturb the administrative judge's credibility determinations. IAF, Tab 16, Hearing Compact Disc (HCD) (testimony of B.F.) (00:25:20-00:25:53), (testimony of proposing official) (00:11:07-00:12:43).

¶13 Next, the appellant alleges that the administrative judge violated Rule 608 of the Federal Rules of Evidence in failing to consider character evidence that reflected the complainants' untruthfulness. PFR File, Tab 1 at 6, 9, 14. Rule 608(b) permits extrinsic impeachment evidence of bad acts not involving criminal convictions when the bad acts involved dishonesty. *Wright v. U.S. Postal Service*, 84 M.S.P.R. 607, ¶ 10 (1999). The Board also requires that an administrative judge consider character evidence when making credibility determinations. *Hillen*, 35 M.S.P.R. at 458-59. Here, however, the appellant did not present any character evidence. Although two complainants testified regarding their attendance issues that resulted in formal and informal discipline, HCD (testimony of B.F.) (00:23:42-00:24:25), (testimony of B.C.) (00:15:35-00:16:10), and one complainant testified about her emotional outburst against the appellant that resulted in a letter of warning, HCD (testimony of C.M.) (00:07:20-00:09:30), none of their testimony indicated that their acts involved dishonesty.

¶14      Further, the appellant alleged in his written response to the proposal notice that all the complainants had prior acts of misconduct or attendance problems, but he did not submit any documentation showing that they had a capacity for untruthfulness. IAF, Tab 4 at 22-23. To the extent the appellant is arguing that the administrative judge failed to consider the complainants' bias against the appellant because he previously had disciplined them as their supervisor, we disagree. PFR File, Tab 1 at 9, 14. The administrative judge explicitly considered the complainants' potential bias in the initial decision, but nonetheless found their testimony credible. ID at 3; *see Hillen*, 35 M.S.P.R. at 458-60 (finding that, among the factors to be considered in assessing witness credibility, is a witness's bias or lack thereof).

¶15      The appellant also argues that the administrative judge failed to consider evidence of the work environment, where "sexually vulgar talk" was pervasive. PFR File, Tab 1 at 9-10. However, such evidence does not mitigate the impropriety of the appellant's conduct because supervisors are responsible for maintaining a work environment free of sexual harassment. *Cisneros v. Department of Defense*, 83 M.S.P.R. 390, ¶ 19 (1999), *aff'd per curiam*, 243 F.3d 562 (Fed. Cir. 2000) (Table); *see Lowe v. Department of Justice*, 63 M.S.P.R. 73, 75, 77 (1994) (finding that testimony regarding the office atmosphere of sexual joking and innuendo was irrelevant to the appellant's defense against a charge of sexual harassment because it would not have mitigated the offensiveness of his behavior of kissing, propositioning, and putting his arms around a fellow employee); *cf. Herrera-Martinez v. Social Security Administration*, 84 M.S.P.R. 426, ¶ 16 (1999) (finding that, although condonation of behavior in the workplace may be a factor mitigating the penalty, it does not always warrant mitigation).

¶16      Finally, the appellant contends that the agency should have provided corroborating evidence beyond the complainants' testimony because the agency has the burden of proving the charge. PFR File, Tab 1 at 5-6, 8, 10-14. He cites to *Municipal Bond Corp. v. Commissioner of Internal Revenue*, 341 F.2d 683, 691

(8th Cir. 1965), for the proposition that "prejudicial error in receiving incompetent evidence will not be found unless it is affirmatively shown that such evidence induced the court to make a finding which would not otherwise have been made." PFR File, Tab 1 at 13 (citing also *Joseph A. Bass Co. v. United States*, 340 F.2d 842, 845 (8th Cir. 1965) (finding that, in nonjury cases, the appellate court only will reverse on the basis of the admission of incompetent evidence if the admission of such evidence affected the outcome)). The appellant alleges that the case was "essentially decided on the incompetent evidence of complainant's [sic] testimony." PFR File, Tab 1 at 13. He argues that the complainants' testimony was incompetent because it was not corroborated by other evidence. *Id.* at 13. The appellant, however, does not support his arguments that a lack of corroborating evidence renders the complainants' testimony inadmissible or incompetent, or that the administrative judge cannot sustain the agency's specifications based on the hearing testimony. Further, the agency corroborated the complainants' testimony by calling two witnesses who learned of the appellant's conduct from the complainants. HCD (testimony of L.L.), (testimony of H.G.); ID at 3-4.

¶17     Based on the foregoing, we find that the appellant's arguments on review provide no reason for disturbing the administrative judge's finding that the agency proved its charge of unacceptable conduct.

The appellant failed to prove his affirmative defense.

¶18     The appellant argues that the agency's investigation was flawed and the agency was biased. PFR File, Tab 1 at 2-4, 6, 12. The administrative judge found that, even if it were true that the agency did not follow its procedure for investigating a sexual harassment claim, the appellant failed to show that the information gathered would have been different. ID at 8.

¶19     The Board has held that due process requires that a Federal employee facing removal be provided "notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Alford*

*v. Department of Defense*, [118 M.S.P.R. 556](#), ¶ 6 (2012) (quoting *Cleveland Board of Education v. Loudermill*, [470 U.S. 532](#), 546 (1985)). Here, the appellant received written notice that explained the reasons for his proposed removal, and he had the opportunity to make a written or oral reply to the deciding official. IAF, Tab 4 at 24-31. The appellant made both a written and an oral response to the deciding official, who considered the replies in deciding to remove the appellant. *Id.* at 15, 17, 22-23.

¶20      To the extent the appellant is arguing that he was denied a "meaningful opportunity to invoke the discretion of the decisionmaker" because the proposing and deciding officials were biased, we disagree. *Stone v. Federal Deposit Insurance Corporation*, [179 F.3d 1368](#), 1376 (Fed. Cir. 1999) (quoting *Loudermill*, 470 U.S at 543). The appellant has failed to submit evidence that the deciding official was actually biased or that the situation created by the agency by its nature established an intolerably high risk of unfairness. *See Martinez v. Department of Veterans Affairs*, [119 M.S.P.R. 37](#), ¶¶ 10-11 (2012) (finding that the appellant has the burden of establishing a decision maker's actual bias or an intolerable risk of unfairness to prove a violation of due process and that a deciding official's familiarity with the facts of the case and expressed predisposition contrary to the appellant's interests does not constitute a due process violation or harmful error). Therefore, we review the appellant's remaining claims of procedural due process as allegations of harmful procedural error. *See Stone*, 179 F.3d at 1377-78 (finding that public employees are entitled to procedural protections in addition to constitutional due process).

¶21      An agency's procedural error is harmful only where the record shows that the error likely caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, [47 M.S.P.R. 672](#), 681, 685 (1991); [5 C.F.R. § 1201.4](#)(r). Even assuming the agency violated the investigative procedures, as claimed, the appellant still had the opportunity to present positive information about himself

and rebut the agency's charge before the deciding official. The appellant has failed to show that the deciding official lacked due diligence in adjudicating his case. We find that the appellant has not proven his affirmative defense because he has not shown that the agency's alleged errors likely had a harmful effect on his removal.[3]

The agency established nexus and the reasonableness of the penalty.

¶22    Where, as here, the agency's charge has been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors[4] and exercised management discretion within tolerable limits of reasonableness. *See Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013). The administrative judge found that the deciding official considered the relevant *Douglas* factors and that the penalty of removal did not exceed the bounds of reasonableness. ID at 9-11. Specifically, he found that the penalty was reasonable given the nature and seriousness of the misconduct and its relationship to the appellant's duties. ID at 9-10; *see, e.g.*, *Cisneros*, 83 M.S.P.R. 390, ¶¶ 19-20 (finding that removal was a reasonable penalty in view of the seriousness of the appellant's sexual misconduct, particularly its continual, unrelenting nature, its pervasiveness, its perpetration on several female employees, and his position as a supervisor). He further found that the appellant failed to establish disparate penalties. ID at 10-11. He noted that, although the hearing testimony suggested each of the two alleged

---

[3] The appellant argues that he did not receive full consideration of his affirmative defense because the administrative judge thought he withdrew it during the hearing. PFR File, Tab 1 at 6; ID at 8. However, we find that the administrative judge did not make a harmful adjudicatory error because he considered the affirmative defense despite noting the unclear arguments of the appellant's representative during the hearing. ID at 8; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

comparators had been accused of harassment, the details of what they allegedly did were vague, and there was no evidence that their alleged misconduct was as pervasive or serious as the appellant's. *Id.*

¶23    On review, the appellant reiterates his disparate penalties claim. PFR File, Tab 1 at 3, 14. Specifically, he claims that one of the comparators, who was "accused of sexual harassment," was "only temporarily demoted." *Id.* The appellant's broad allegations on review do not provide a reason to disturb the administrative judge's findings regarding the appellant's disparate penalty claim. ID at 10-11; *see Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 20 (2012) (observing that one of the factors to consider in determining whether employees are similarly situated is the nature of their misconduct). Finally, we find that there is a nexus between the appellant's misconduct and the efficiency of the service because his misconduct occurred at work and undermined his ability to supervise employees. *See Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (finding that there is a sufficient nexus between an employee's conduct and the efficiency of the service where the conduct occurred in part at work).

The documents submitted on review do not constitute "new" evidence.

¶24    The appellant submits several documents on review as new evidence consisting of his own declaration, written statements from coworkers, and a photograph. PFR File, Tab 1 at 18-36.[5] The Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015); 5 C.F.R. § 1201.115(d). Where, as here, a hearing is held in a Board appeal, the record in

---

[5] Several of the documents are difficult to discern. PFR File, Tab 1 at 33-35.

the case ordinarily closes at the conclusion of the hearing. *See Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 6 (2001); 5 C.F.R. § 1201.59(a). Thus, we find that the record closed on September 15, 2015, the date of the hearing. IAF, Tab 16. Because the appellant does not explain why the submitted evidence was unavailable when the record closed despite his due diligence, we decline to consider the documents further. PFR File, Tab 1 at 4-7, 10, 14, 17.[6]

The appellant's claims of adjudicatory error do not state a basis for review.

¶25     The appellant alleges that he never received agency records that he requested below. *Id*. at 4. However, the appellant, who was represented by counsel, failed to file a motion to compel in accordance with the Board's regulations. *See* 5 C.F.R. § 1201.73(c); IAF, Tab 2 at 2-3. The appellant's failure to file a motion to compel below precludes him from raising a discovery dispute for the first time on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

¶26     The appellant also argues that his case was prejudiced because he was denied supporting witness testimony at the hearing. PFR File, Tab 1 at 2, 5, 9-10. The appellant had the opportunity to request witnesses in his prehearing submission, IAF, Tab 6 at 2-3, Tab 13 at 5, and the administrative judge approved all of his requested witnesses, IAF, Tab 14 at 2. Further, the administrative judge gave the appellant the opportunity to call a rebuttal witness during the hearing, but he declined to do so. HCD (testimony of the appellant) (00:00:35-00:00:47). Thus, the appellant has failed to show that the administrative judge committed error.

¶27     In conclusion, we find that the appellant's arguments on review do not provide a reason to disturb the initial decision. *See Crosby v. U.S. Postal*

---

[6] We find that the appellant's allegation that a coworker provided him with the photograph after the hearing does not explain why he could not have obtained it before the record closed. PFR File, Tab 1 at 10.

*Service*, 74 M.S.P.R. 98, 105-06 (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.